PROCEDENDO AWARDED.

## GENERAL COURT, MAY TERM, 1799.

### SMITH *vs.* GREENLEAF.

ATTACHMENT on *warrant* under the act of 1795, *ch.* 56. The warrant was from the Hon. *Gabriel Duvall*, one of the judges of this court, and is as follows, viz.

"Maryland, sc. Whereas *William Smith* of Boston, in the county of Suffolk, and Commonwealth of *Massachusetts*, merchant, on the 15th day of November 1797, before *Samuel Barrett*, Esquire, one of the judges of the court of common pleas in and for the county of Suffolk, in the Commonwealth of *Massachusetts*, made oath according to the act of the general assembly of the state of *Maryland* in such case made and provided, that *James Greenleaf* of the city of Philadelphia, in the Commonwealth of *Pennsylvania*, Esquire, is *bona fide* indebted *to him the said William Smith*, in the sum of eighteen thousand dollars current money of the United States, (equal in value to the sum of 6.750*l.* current money of the state of Maryland,) over and above all discounts: And whereas the said *William Smith* also then and there produced to the said judge the promissory notes by which the said *James Greenleaf* is so indebted, and which are hereunto annexed: And whereas also the said *William Smith* further then and there made oath as aforesaid, that he is credibly informed, and verily believes, that the said *James Greenleaf* is not a citizen of the state of *Maryland*, and that he doth not reside therein. All which appears by the certificate under the hand and seal of the said *Samuel Barrett*, and the certificate of the governor of the Commonwealth of *Massachusetts*, under the public seal thereof hereunto annexed. THESE ARE THEREFORE, in the name of the state of Maryland, to authorise you to issue an attachment or attachments, in the name of the said *William Smith*, against the lands and tenements, goods, chattels and credits, of the said *James Greenleaf*; he the said *William Smith* complying with the requisites of the act of assembly in that case made and provided; and for so doing this shall be your sufficient warrant. Given under my

MAY 1799.

Smith
vs.
Greenleaf.

hand and seal this second day of June, in the year of our Lord one thousand seven hundred and ninety eight.

           G. DUVALL, (L. S.)

To *John Gwinn*, Esquire, clerk of the General Court for the western shore of Maryland."

The writ of attachment was returned by the sheriff. Laid as per schedule, &c. to October term, 1798, and by agreement of the parties. (the defendant having been permitted to appear,) the case was continued until this term, when

*Key*, for the defendant, moved to *quash* the writ of attachment and the return. He said, that on the 2d of June 1798, his honour Judge *Duvall*, by his warrant, directed the clerk of this court to issue the writ of attachment in this case under the act of 1795, *ch*. 56, which act, he contended, does not authorise the writ as issued. The causes of action appear to be three promissory notes, one drawn by *James Greenleaf*, payable to and endorsed by *Daniel Greenleaf*, for $ 10,000; another drawn by *James Greenleaf*, payable to and endorsed by *Daniel Greenleaf*, for $ 2000; and the other drawn by *James* and *Daniel Greenleaf*, payable to and endorsed by *T. Davis*, for $ 6000. There is no proof that *William Smith*, the plaintiff, is entitled to receive the money. The endorsements on the notes are in *blank*, and the hands writing of neither the drawers nor endorsers are proved. That the endorsements in blank are not sufficient, they should be filled up, and the hand writing of the payee must be proved, before the attachment could be awarded.

Admitting this to be sufficiently proved, yet the affidavit before *Samuel Barrett*, a judge of the court of common pleas in *Massachusetts*, is not sufficient. If the affidavit is made out of the state it ought to be before a judge of the general or superior court of the state where it is made, and not before a judge of an inferior court. Mr. *Barrett* is a judge of a county court, and not a judge of the state. He is only a judge of a district within the state. The act of assembly says the oath shall be made "before any judge of any other of the United States," thereby meaning that it shall be taken before a judge of the highest court of the state.

*Cranch*, for the plaintiff, contended, that the oath of the party was the principal ground on which the attachment issued. That it was only necessary to produce the instruments of writing themselves, upon which the claim was founded; and an officer, when applied to for a warrant, could not require more proof of the claim than was requisite on a writ of inquiry of damages. It was not

MAY 1799.

Smith
vs.
Greenleaf.

necessary to prove the hand writing. The oath was only required to shew that no payments had been made, or if made that they were credited. An endorsement may be filled up at any time, and the judge was not bound to reject the notes because the blanks were not filled up. The production of the notes to him, with proof of the party being indebted, was good evidence under the act of assembly for the warrant to issue. The law did not contemplate that the party was to go into every kind of proof which is required to substantiate a claim upon a trial before a jury.

As to the second objection, the judge of a particular district is a judge of the state, appointed for the particular district in which he is to act. Every officer is a state officer, though appointed to act in a subaltern station. Every justice of the peace is a justice of the state for the particular county in which he resides.

But this objection comes too late, as the person who issued the warrant for the attachment is the sole and exclusive judge of the sufficiency of the proof.

*Martin,* (Attorney General,) in reply. No objection could be made in this case until the process was returned. The person who directed the attachment must exercise his judgment. But when the process is returned, an inquiry can be had whether the evidence upon which it issued was sufficient to warrant the procedure. It may not be necessary to require the same proof which would be necessary on a trial, to justify the ordering the attachment; but before a condemnation can be obtained upon the attachment, the proof must be required. Stronger proof is necessary to obtain a judgment of condemnation than is requisite to obtain an attachment.

As to the other objection, that the affidavit was not made before a proper person.—If the act of 1795 had only said that the affidavit must be before a judge of the state of *Maryland,* it would be clear that no judge of the county court, or justice of the peace, could have been intended or authorised by the act. The law having said it must be done "before any judge of any other of the United States," means that it must be done before a judge of the highest grade in the state, and not that it may be done before a judge of a district or county court.

A third objection may be made—The governor of *Massachusetts* only certifies that the person who took the affidavit is a justice of the court of common pleas for the county of Suffolk—he does not certify, in the language required by the act of assembly, "that the said judge hath authority to administer such oath," and this court is not bound to take notice of the powers consequent upon his appointment.

MAY 1799.

Smith
vs.
Greenleaf.

CHASE, Ch. J. Three objections have been made in this case why condemnation should not be awarded on the attachment.

*The first objection.* That it did not appear by the promissory notes that *Smith*, the plaintiff, was entitled to receive the money.

The court think the evidence was sufficient to authorise the issuing the attachment. But proof must be made of the hand writing of the *first endorser*, and the endorsement must be filled up to entitle the plaintiff to a judgment of condemnation.

*The second objection.* That the judge who took the affidavit was a judge of a county court, and not a judge of the state.

The court think that the act does not tie it up to a judge of any particular court; and that a judge of any court is sufficient—a judge of any court of the state is a judge of the state.

*The third objection*, as to the certificate of the governor.

It does appear to the court that the certificate is sufficient. The governor certifies to the affidavit of the justice of the court of common pleas, "that full faith and credit is to be given to his attestation." He has attested that *Smith* was sworn, and this shows that he could administer an oath.

*Key.* Previous to the issuing the attachment in this case, viz. on the 30th of September 1796, the property upon which it has been laid, had been transferred by the defendant to *George Simpson* and others. This being the case judgment of condemnation cannot be entered.

*Cranch*, contra, contended, that the act of 1753, *ch.* 36, made the conveyance void, the requisites of that act not having been complied with.

CHASE, Ch. J. The court are of opinion, that the property, (the lands,) are only liable for debts due to creditors in the state, and that the operation of the conveyance is not defeated by the defendant's having creditors living out of the state, and not giving bond, especially as the debt was created since the execution of the deed. *(a)*

ATTACHMENT and return *quashed*.

*(a)* This point more fully argued and settled at the present term, in the case of *Ward vs. Morris & Nicholson.*