THOMAS H. WRIGHT *vs.* JAMES WOODLAND AND WIFE, *et al.* *December,* 1839.

Where the vendee of real estate had given his bond for the payment of the purchase money, and taken a bond of conveyance therefor, and removed

from the State, after selling the property to a third person, with notice that a part of the original purchase money remained unpaid, receiving from the sub-purchaser a part of the money contracted to be paid by him, this court upon a bill filed by the original vendor to enforce his lien, decreed a sale of the property for the payment of the balance of the purchase money due him, and this, though no proceedings had been adopted to recover the money at law.

APPEAL from the Court of Chancery.

The bill in this cause was filed on the 28th September 1838, by *Thomas H. Wright* of the city of *Baltimore*, and alleged that about the 21st of March 1827, he was seized in fee simple of real estate in *Kent* county in this State, and containing four hundred acres of land or thereabouts; that being so seized, on the day and year aforesaid, he sold and contracted to convey unto a certain *James Woodland*, then of *Cecil* county, the said lands and premises, at and for the price of $7240, and gave to the said *James Woodland* a bond of conveyance for the said estate, the conveyance to be made on the payment of the whole purchase money and interest, and he received from the said *James Woodland* his penal bond, conditioned to pay the said sum of $7240, in the manner and at the times therein mentioned, which bond is herewith brought into court as a part of this his bill of complaint. That the said *James Woodland* hath not, nor hath any person paid unto your orator, or to his use, any part of said purchase money or the interest thereon, other than what is credited in the account herewith filed marked exhibit No. 2. And that the said *James Woodland* did not, nor did any other person for him, pay unto your orator or to his use, the several payments agreed upon and stipulated for at the time of said contract, and as set forth in the said bond, or at any time since; and that there is now due and owing unto your orator upon the said bond, and for the said purchase money, the sum of $6052.93, with interest thereon from the 12th of December 1837. And your orator is advised that, the said balance of purchase money is an equitable lien upon said lands, to be enforced in chancery by a sale of said lands; that the said *James Woodland* entered into possession of the said lands

and premises, in pursuance of his contract so made with your orator as aforesaid, and held and enjoyed the same in pursuance thereof; and that afterwards, to wit, on or about the 6th July 1836, the said *James Woodland,* as your orator hath since been informed, executed and placed upon the records of *Kent* county aforesaid, a deed for *all his estate, real, personal, and mixed,* unto your orator to hold in trust for the sole and separate use and benefit of *Eliza Woodland,* to whom the said *James* was then about to be married, and to whom he afterwards was married, an office copy under seal of which deed is herewith exhibited. That complainant never directly or indirectly consented to accept of said trust, and now refuses to accept of said trust, and prays to be discharged therefrom. That the said deed was executed and recorded without his knowledge or consent; that he hath also been informed and believes, that the said *James Woodland* sold his interest and estate so purchased from your orator as aforesaid, in and to the aforesaid lands and premises, unto a certain *James Freeman Woodland,* who is now in possession thereof. That the said *James Freeman Woodland* was not at the time of his said purchase aware of the existence of said deed of trust. That the said *James Woodland* afterwards removed from the State of *Maryland,* and that he and his said wife *Eliza Woodland* now reside in foreign parts beyond the limits of the State of *Maryland,* to wit, in the State of *Virginia.* That he hath frequently, and in a friendly manner, applied to the said *James Woodland, Eliza Woodland,* and *James Freeland Woodland,* to pay the said sum of money so due and owing as aforesaid, for the purchase money of said lands and premises, according to the contract and agreement so entered into between your orator and the said *James Woodland;* and your orator well hoped that they, or some of them, would have complied with such reasonable request. But now so it is may it please your honor, they and each of them hitherto have, and still do refuse so to do, contrary to equity and good conscience, and to the great and manifest wrong and injury of your orator, &c. To the end therefore, that the said *James Woodland* and *Eliza Woodland*

his wife, and *James Freeman Woodland* and each of them, may answer this bill, and that they be decreed to pay unto your orator the aforesaid balance of the purchase money and interest thereon, with costs of this suit, or that the said estate, lands and premises may be sold to pay the same, under a decree of this court, and that your orator may be relieved from the said trust for the said *Eliza Woodland,* and that your orator may have such other and further relief, &c., may it please your honor to grant unto your orator an order of publication in the usual form, against the said *James Woodland* and *Eliza* his wife, and a subpœna to the said *James Freeman Woodland* of *Kent* county in this State, &c.

With this bill the exhibits referred to in it were filed. On the 28th September 1838, an order of publication was granted, requiring *James Woodland* and wife to appear and answer the bill. The defendant *James Freeman Woodland* was returned summoned. On the 28th January 1829, the Chancellor ordered that the complainant is entitled to relief in the premises, but in as much as it did not sufficiently appear to what relief he was entitled, further ordered that, a commission issue to take testimony. A commission was issued and returned, under which the complainant proved the allegations of the bill.

After the return of the commission *James Freeman Woodland* filed an answer by consent, in which he admitted that he purchased the lands in controversy from *James Woodland;* that when he purchased, he knew a part of the purchase money was still due to complainant, from whom he had purchased; that he paid J. W. a large part of his purchase money, and was then ignorant of the deed of trust mentioned in the bill. The answer also admitted the marriage and *non-residence* of *J. W.* and wife; and of the other matters charged in the bill this defendant has no knowledge of the same.

At March term 1839, the Chancellor (BLAND) dismissed the bill with costs, and the complainant appealed to this court.

The cause was argued before BUCHANAN, C. J., STEPHEN, ARCHER, DORSEY, CHAMBERS, and SPENCE, J.

T. P. Scott for the appellant contended—

1st. That the purchase money due is a specific lien upon the land.

2nd. That in as much as the plaintiff did not part with the title, the legal estate, the original purchase money remained a lien on the land in the possession of the assignees.

3rd. That as the assignee *James F. Woodland* knew that the purchase money had not been paid to the plaintiff, the land in the hands of said assignee is bound for the said purchase money.

4th. That the deed from *James Woodland* to the plaintiff in trust for the grantor's wife, is fraudulent and void, under the circumstances of this case.

5th. That purchase money is an equitable lien to be enforced in equity by a re-sale.

6th. That the purchase money is a specific lien, to be enforced in equity by a re-sale.

7th. That it appearing by the allegations and proofs, that the purchaser *James Woodland* had parted with his whole estate, and had removed from the State of *Maryland,* the plaintiff's only remedy is in equity.

8th. That it is manifest that the plaintiff is without remedy at law, and therefore he has a right to enforce his specific equitable lien in equity.

No counsel appeared for the appellee.

At this term the Court of Appeals decided that, the decree of the Court of Chancery dismissing the bill of the complainant, be reversed, with costs in both courts; that the bill be taken pro confesso against the absent defendants, J. W. and wife, and that the lands mentioned in the proceedings be sold for the payment of the balance of the purchase money due the complainant, with interest thereon and costs of suit. That T. P. S. be and he is hereby appointed trustee, &c. The decree then proceeded to give directions as usual in chancery, and remanded the cause for further proceedings in conformity thereto.

DECREE REVERSED AND CAUSE REMANDED.