*December Term*, 1842.

## WILLIAM H. WASHINGTON vs. THOMAS HODGSKIN, GARNISHEE OF J. T. BOTELER.—*December*, 1842.

The act of November, 1795, chap. 56, directing the manner of suing out attachments against absent debtors, in its 2nd section enacts, that the oath or affirmation of a creditor made as aforesaid, before a judge of any *other* of the United States, (than Maryland,) *shall not be good and sufficient evidence*, unless there be thereto annexed a certificate of the clerk of the court of which he is judge, or of the Governor, Chief Magistrate or Notary Public of such State, that the said judge hath authority to administer such oath or affirmation. HELD, that a literal compliance with the law in relation to the certificate was not required, and where the Governor of a State certified that the judge before whom the affidavit of debt was made, was a judge, that his attestation is in due form of law, made by the proper officer, and full faith and credit are due to all his official acts; this was deemed a substantial compliance with the act of 1795, and sufficient.

In determining the sufficiency of the Governor's certificate in such cases, it will be construed in connexion with the affidavit to which it is appended, with a view to show that the particular facts demanded by the act of 1795, really exist in the case made by the documentary proof.

APPEAL from *Prince George's* county court.

This was an attachment cause, commenced on the 22nd June, 1841, upon the following proofs:

THE STATE OF MISSISSIPPI, *Hinds County, Sct:*

Be it remembered, that on this 2nd of June, 1841, personally appears before me, *Isaac R. Nicholson*, one of the Judges of the Circuit Court of the State of *Mississippi*, fully commissioned and qualified as such, *William H. Washington*, a resident and citizen of said State, and made oath on the Holy Evangely of Almighty God, that *John T. Boteler* is *bona fide* indebted to him, the said *William H. Washington*, in the sum of $2,206, on a promissory note, over and above all discounts; and the said *William H. Washington* at the same time produces the said promissory note, dated *Madisonville*, October 21st, 1837, made by said *Boteler* to the said *Washington*, for the sum of $1,821.06, due one day after date, with two credits thereon, the first, May 18th, 1838, for $31.75, the second.

October 22nd, 1838, for $26: said note is hereunto annexed, by which the said *Boteler* is so indebted. And the said *Washington* also makes oath, that he is credibly informed and verily believes, that the said *John T. Boteler* is not a citizen of the State of *Maryland*, and does not reside therein.

WILLIAM H. WASHINGTON.

Sworn to before me, this 2nd June, 1841.

I. R. NICHOLSON, Judge, &c.

Copy of the note annexed:

"$1,821.06.                    *Madisonville*, *Oct.* 21*st*, 1837.

One day after date I promise to pay *William H. Washington*, or order, the sum of one thousand eight hundred and twenty-one dollars and six cents, for value received.

JOHN T. BOTELER."

On the back of which note is thus endorsed, to wit:

Received on the within note $31.75, 18th May, 1838. Credit the within by this amount, $26, October 22nd, 1838.

By ALEXANDER G. MCNUTT,

*Governor of the State of Mississippi*:

*To all who shall see these presents, greeting:* Be it known that *Isaac R. Nicholson*, whose name is subscribed to the annexed certificate, was, the 2nd day of June, A. D. 1841, Judge of the Circuit Court in the 7th Judicial District in the State of *Mississippi;* that his attestation to the annexed certificate is in due form of law, and made by the proper officer, and that full faith and credit are due to all his official acts.

In testimony whereof, I have caused the Great Seal of the State to be hereunto affixed. Given under my hand, at the City of Jackson, this 2nd day of June, A. D. 1841.                    A. G. McNUTT.

The Great Seal of the State of Mississippi.

*Thomas B. Woodward*, Secretary of State.

Upon these documents a warrant against the goods, &c. of *J. T. B.* was directed by a justice of the peace, and an attachment issued with a capias and short note as usual. The attachment was levied upon *J. T. B's.* interest in several tracts of land, and so returned with a schedule, the sheriff certi-

fying the lands to be in his possession. The capias was returned *non est.*

At the return term of the writ of attachment and capias, and after the defendant had been called, the plaintiff moved for a judgment of condemnation, and *Thomas Hodgskin* prayed leave that he might appear as garnishee of *J. T. B.*, without bail, to defend the action. The garnishee was permitted to appear, and the motion for a judgment overruled. The garnishee appeared, and moved the county court to quash the attachment—

1st. Because it appears from the cause of action itself produced, and filed with the affidavit made by the plaintiff in this cause, on which the attachment was issued, that the amount stated in said affidavit as due to the plaintiff, is not due, but another and a different sum, if there be any amount due.

2nd. Because the certificate of the Governor of *Mississippi* does not state or set forth, that the judge before whom the oath was made was authorized, or had any authority to administer such oath.

The court quashed the attachment.

At the same term the plaintiff moved for a re-hearing, and that the judgment be struck out, which motion the court overruled, and the plaintiff prayed an appeal from the judgment of the court here, so as aforesaid rendered.

The cause was argued before STEPHEN, DORSEY and CHAMBERS, J.

By C. C. MAGRUDER for the appellant, and
T. F. BOWIE for the appellee.

STEPHEN, J. delivered the opinion of this court.

The appeal in this case was, we think, properly taken from the judgment of the court below, quashing the attachment, and not from the refusal of the court to grant a re-hearing. There is but one question in the case, which it is necessary to decide, and that relates to the sufficiency of the Governor's certificate, as to the power of the judge to administer the oath,

which was taken before him by the attaching creditor.   The judge, after stating that the oath was taken before him, attaches to the foot of his certificate the following attestation :  "Sworn to before me, this 2nd June, 1841.   *I. R. Nicholson*, Judge, &c."   The Governor certified that he was a judge of the State of *Mississippi* on that day, and "that his attestation to the annexed certificate is in due form of law, and made by the proper officer, and that full faith and credit are due to all his official acts."   The act of 1795, chap. 56, sec. 2, provides, that the oath shall not be good and sufficient evidence when made before a judge of any other of the United States, unless there be thereto annexed a certificate of the clerk of the court of which he is a judge, or certificate of the Governor, Chief Magistrate or Notary Public of such State, "that the said judge hath authority to administer such oath."   The question therefore is, whether the certificate of the Governor has substantially complied with the requisition of the act of Assembly, as to the capacity of the judge to administer the oath in this case; for it is not understood that a literal compliance with the law is necessary, if the certificate is substantially sufficient, the case of *Shivers vs. Wilson*, in 5 *H. & Johns. Rep*. 130, having decided that a substantial conformity to the requirements of the law is all that is necessary.   A few years after the passage of the act of Assembly under which this proceeding was had, a similar question arose before the late General Court, and was decided by that tribunal ; it occurred in the year seventeen hundred and ninety-nine, very recently after the passage of the law, and before a court of acknowledged legal learning and ability.   In that case the court, speaking of the Governor's certificate, say, "it does appear to the court that the certificate is sufficient.   The Governor certifies to the affidavit of the justice of the Court of Common Pleas, that full faith and credit is to be given to his attestation."   He has attested that *Smith* was sworn, and this shows that he could administer an oath.  4 *Harr. & McHenry's Rep*. 294.   The certificate in the case now before this court, seems to be of equivalent import, and entitled to the same construction.   The Governor certifies that

the judge's attestation to his certificate, is in due form of law, and made by the proper officer, and that full faith and credit are due to all his official acts. The judge attests and certifies that he administered the oath; that the attaching creditor was sworn by him, and the Governor certifies that the attestation or certificate of the judge, stating that the oath was administered by him, was made by the proper officer. The inference seems to be not only fair, but irresistible, that if he was the proper officer to make such a certificate, he must have had authority to administer the oath; for if he had not the power to administer the oath, which he states he did administer, his certificate that he did administer it, could not be said, with propriety, to have been made by the proper officer. He was not the proper officer to certify the fact. Instead of being an official act, or one appertaining to his office, to which full faith and credit ought to be given, it would have been an illicit and unwarrantable usurpation of power. The case in 4 *Harr. & John.* 192, referred to in the argument, does not, when properly considered, conflict with this view of the question. The clerk in that case only certified that he was a judge, "and that full faith and credit ought to be given to his legal attestations in court, and not in his said capacity," but as was argued by the counsel, he did not certify that the particular act in question was a legal one, to which full faith and credit ought to be given, if he had, the certificate would have been full and sufficient, and have been sustained by the case decided in 4 *H. & McHenry,* 294, above referred to. The court, in 4 *H. & John.* 192, do not require the certificate to state in express terms, that the judge had authority to administer an oath; they only say, that as it did not appear by the certificate of the clerk, that the judge had authority to administer an oath, the proceedings were defective. Considering the certificate of the Governor in this case, as to the power of the judge to administer an oath to be sufficient, we think that there was error in the judgment of the court below, quashing the attachment upon that ground, and that the same ought to be reversed.

JUDGMENT REVERSED AND PROCEDENDO ORDERED.