HENRY EVESSON, JR., Agent, *vs.* JOHN S. SELBY and WM. S. POLK, Garnishees of THE JAMES RIVER INSURANCE COMPANY.

*Attachment on Warrant—Form of Certificate—When the Affidavit for an Attachment is made before a Judge of another State.*

An affidavit for an attachment on warrant was made before a Judge of the Supreme Court of New York. Annexed thereto was this certificate: "State of New York, New York City and County, to wit: I, William C. Conner, Clerk of the Supreme Court of the State of New York, aforesaid, do hereby certify that W. T. Clerke, whose name is subscribed to the above certificate or affidavit, was on the day of the date thereof, a Judge of the said Supreme Court, duly commissioned and sworn, and had authority to administer the oath therein mentioned." This certificate was duly signed and attested by the seal of the Court. HELD:

That this was not a substantial compliance with the form of certificate required by Art. 10, sec. 6, of the Code of Public General Laws, inasmuch as it does not appear from the certificate that the Judge before whom the affidavit was made, was a Judge of a Court of Record.

The proceedings in attachment being wholly statutory and in derogation of the common law, must strictly follow the provision of the statute under which they are authorized

There need not be a literal compliance with the statute, a substantial compliance being all that is necessary

A motion to quash an attachment for a substantial defect in the proceedings, goes to the question of jurisdiction and will be entertained at any stage of the trial.

APPEAL from the Superior Court of Baltimore City.

The facts are sufficiently given in the opinion of the Court.

The cause was argued before STEWART, BRENT, MAULSBY, MILLER and ALVEY, J.

*Robert J. Brent,* for the appellant.

The attachment Act of 1795, ch. 56, was in more stringent terms than the provisions of the Code. What are the adjudi-

cations of our highest Courts on the imperative language in that Act?

In *Smith vs. Greenleaf*, 4 *H. & McH.*, 293, objection was taken because the certificate of the Governor did not state, as required by the Act, "that the Judge had authority to administer an oath." But the Court overruled it, and held that, notwithstanding the omission in the certificate to certify expressly to the authority of the Judge, as required by the letter of the statute, it was, nevertheless, sufficient, because the authority to administer an oath was to be implied from the statement in the certificate that "full faith and credit is to be given to his (the Judge's) attestation." A still stronger case is found in *Washington vs. Hodgskin*, 12 *G. & J.*, 353. In that case the Governor had merely certified that the attestation "of the Judge was in due form of law, and made by the proper officer, and that full faith and credit are due to all his official acts."

This Court decided that "a literal compliance with the law is not necessary, if the certificate is substantially sufficient, and that the inference was not only fair, but irresistible, that if he was the proper officer to make such a certificate, he must have authority to administer the oath" certified by him.

The case of *Prentiss & Carter vs. Gray*, in 4 *H. & J.*, 193, commented on by the Court in 12 *G. & J.*, 357, was, in fact, directly in conflict with the earlier case, reported in 4 *H. & McH.*, 294, and it was, moreover, decided without any reference by counsel or Court to the case in 4 *H. & McH.*, 294. The counsel, (Mr. Williams,) in page 195 of 4 *H. & J.*, admitting that the expression in the Clerk's certificate furnish grounds for implying authority to administer the oath, said, yet the Court are not at liberty to make the inference under the provision of the above section, while he and the Court seem to have overlooked strangely the contrary decision in 4 *H. & McH.*, 294, in reference to a precisely similar certificate. The case, however, in 12 *G. & J.*, 356–7, re-affirms the elder

case in 4 *H. & McH.*, 294, and virtually overrules the case in 4 *H. & J.*, 193. The case of *Shivers vs. Wilson*, 5 *H. & J.*, 133, had long ago also decided in an attachment case that it was enough if " the course of proceeding directed by law was substantially complied with." *Matthews & Zollikoffer, Garnishees, vs. Dare & McClure*, 20 *Md.*, 265.

The liberality of the Court in rejecting a literal adherence to the requirements of the attachment laws, where substantial compliance is shown, will be illustrated further by *McCoy vs. Boyle*, 10 *Md.*, 391.

It has been expressly held that a record of a Superior Court of a sister State, which has a Judge, clerk and seal, proves itself, and also its jurisdiction, because it is to be presumed that it was a Court of Record, and therefore entitled to be authenticated under the act of Congress. *Ransom vs. Wheeler*, 12 *Abbott's Prac. R.*, 139.

There are various provisions of the Code establishing the official character of Judges in sister States by force alone of a certificate ·under seal of the Court. *Code of Public General Laws, Art.* 24, *secs.* 4, 7, 8 ; *Art.* 37, *sec.* 38.

The seal of a *foreign* Court must be proved, but when proved the Court presumes that what is certified is a full record, even though the clerk merely appends his name to the exemplification, or sentence. *De Sobry vs. De Laistre*, 2 *H. & J.*, 215, 216, 218, 219.

But public Courts of sister States are not foreign Courts, and therefore the Court judicially notices their seals without any proof. *Dunlap vs. Waldo*, 6 *N. H.*, 452.

If, then, the seal of the Supreme Court of New York proves itself because the Court must judicially notice it, and if the certified copy of its judgment (omitting the fact that it is a Court of Record) would be sufficient to sustain an action of debt or *assumpsit* on a plea of *nul tiel record*, when authenticated under Act of Congress, why will not the Court presume on the facts now certified under, and evidenced by a .seal, that it is a Court of Record ?

Evesson, Agent, *vs.* Selby and Polk, Garnishees.

And if this be the fair inference at common law, then it is presumed that the common law prevails in New York. *Harper vs. Hampton,* 1 *Har. & Johns.,* 687 ; *Haney vs. Marshall,* 9 *Md.,* 195 ; *Abell vs. Douglas,* 4 *Denio,* 305.

The presumption being that the common law prevails in New York, the Supreme Court is a Court of Record according to the common law definition. 5 *Dane's Abr.,* 56, 57.

The presumption being that the common law prevails in New York, then the presumption is that this is a Common Law Court administering the common law, and if so, it is, *prima facie,* a Court of Record.

It is at least equal to the seal of a foreign Court of Admiralty. *Thompson vs. Stewart,* 3 *Conn.,* 181.

The United States Courts are clearly bound to notice the laws constituting State Courts. Courts of general jurisdiction are to be noticed judicially. 1 *Stark. Ev.,* 505, 544, *note.*

And so must our Courts notice the seal of Courts of general jurisdiction of other States, and that is because they are to be noticed as public Courts of Record.

The effect is the same under our Code, which dispenses with formal proof of the laws of New York, and which the Courts therefore are to notice, when read from any printed book. *Art.* 37, *sec.* 47, *of the Code of Pub. Gen'l Laws.*

That it was a Court of Record, see 3 *Rev. Stat. N. Y.,* 280, *sec.* 11.

That the Code looks alone to the clerk's certificate as the judicial evidence of what is a Court of Record, is not denied, but nevertheless it may inferentially appear from the clerk's certificate, and need not be expressly stated. The official character of a person taking depositions and his authority is presumed. *Warner vs. Hardy,* 6 *Md.,* 537 ; *Deery vs. Cray,* 5 *Wallace,* 807.

*Wm. A. Fisher* and *I. Nevett Steele,* for the appellees.

The statute requires that when the affidavit is made before the Judge of a Court of Record of another State, the clerk

shall certify, under the seal of the Court, that the person before whom the affidavit was taken was Judge of the Court at the time, "and that the same is a Court of Record." *Code, Art.* 10, *sec.* 6.

The attachment proceeding, being in derogation of the common law, the whole proceeding is *coram non judice,* unless the requirements of the statute be strictly complied with. *Shivers vs. Wilson,* 5 *H. & J.,* 132.

For defects in the proceedings leading to the attachment, the Court is bound to quash the writ at any stage of the case. *Bruce and Fisher vs. Cook,* 6 *G. & J.,* 348; *Stone vs. Magruder & Brocke,* 10 *G. & J.,* 383.

BRENT, J., delivered the opinion of the Court.

The appeal in this case is from an order of the Superior Court of Baltimore city, sustaining a motion made on the part of the garnishees, to quash an attachment on warrant, which had been issued by the appellant against the James River Insurance Company, a foreign corporation, and which had been laid in the hands of the appellees. The affidavit for attachment is made before a Judge of the Supreme Court of New York. Annexed thereto is this certificate: "State of New York, New York city and county, to wit: I, William C. Conner, Clerk of the Supreme Court of the State of New York aforesaid, do hereby certify, that W. T. Clerke, whose name is subscribed to the above certificate or affidavit, was, on the day of the date thereof, a Judge of said Supreme Court, duly commissioned and sworn, and had authority to administer the oath therein mentioned." This certificate is duly signed and attested by the seal of the Court.

The substantial defect in this case is alleged to be in the above certificate, because it does not appear by it that the Court therein mentioned is a Court of Record. This objection is founded upon the provision of the attachment law requiring, "if the affidavit be made out of the State, and before a Judge of a Court of Record, there shall be a certifi-

cate from the Clerk of said Court, under the seal thereof, that at the time the same was made, he was a Judge of said Court, and that the same is a Court of Record." *Art.* 10, *sec.* 6, *Code of Pub. Gen'l Laws.*

The doctrine is familiar, that the proceedings in attachment being wholly statutory, and in contravention to the common law, they must strictly follow the provisions of the statute under which they are authorized. The plaintiff, to succeed, must follow its directions, and if any of them are omitted, he cannot avail himself of the remedy which it confers. It is only when the conditions, required as precedent to the issuing of an attachment, are fulfilled, that any jurisdiction is given to the Courts to hear and determine the case upon its merits. The wisdom and policy of these conditions, as found in the law, are questions for the law-making powers. They have the right to say what facts are essential to give jurisdiction to the Court, and to direct what shall be the character and form of the evidence to establish them. The Courts are to construe the law as it is found upon the statute-book, and determine whether its obligations imposed have been complied with. In looking at the attachment law, we find it is expressly provided, that no attachment shall issue without affidavit, and if the affidavit is made out of the State, before a Judge of a Court of Record, it shall be certified by the clerk of that Court, under seal thereof, that the Court, of which he is Judge, is a Court of Record. Both the fact to be established, where the affidavit is made out of the State, and the manner in which it is to be proved, are here distinctly pointed out. The Court must be a Court of Record, and it must be proved to be so by the clerk's certifying, under his official seal, that it is a Court of Record. This is one of the conditions precedent to the issuing of an attachment, and must be fulfilled. If it is omitted, the proof cannot be supplied *aliunde*, and the defect is fatal upon a motion to quash.

It is true, as argued on the part of the appellants, that there need not be a literal compliance with the statute, but a

substantial compliance is all that is necessary. *Shivers vs. Wilson,* 5 *H. & J.,* 130. The Act of 1795, ch. 56, required, in terms as stringent as any in the present attachment law, that where an attaching creditor made the affidavit required in any other of the United States, the certificate annexed should state, " that the said Judge hath authority to administer an oath." Under this law it was decided, in *Smith vs. Greenleaf,* 4 *H. & McH.,* 291, that the certificate of the Governor of Massachusetts was a sufficient compliance with its requirement—he having certified " to the affidavit made before the Justice of the Court of Common Pleas, ' that full faith and credit is to be given to his attestation.' " And so it was also held in the case of *Washington vs. Hodgskin,* 12 *G. & J.,* 353, where the Governor of Mississippi certified that the attestation of Isaac R. Nicholson, Judge of the Circuit Court, &c., " to the annexed certificate is in due form of law, and made by the proper officer, and that full faith and credit are due to all his official acts." The Court, in these cases, acting upon the ground that a substantial compliance with the statute was sufficient, decided that, upon the face of the affidavit and certificate, taken together, it did appear that the Judge " had authority to administer an oath." The soundness of these decisions we do not question. They, in fact, only affirm the doctrine that a substantial compliance with the statute is sufficient, and determine from what papers in the case it may be made to appear. Their distinction from this case, however, is very marked. While in them, the Court was enabled to gather from the certificate and affidavit the fact, that the person before whom the affidavit was made, had authority to administer an oath, it can no where be gathered or inferred from the face of the certificate and affidavit in this case, that the Court in question was a Court of Record. In this respect, the cases are wholly unlike, and the authority and weight claimed for them by the appellant's counsel, in settling the question now before us, cannot be conceded.

The very learned argument, based upon the authentication by a seal as in itself proof of a Court of Record, would have its influence, were it not for the language of the statute, under which this attachment issued. In giving a meaning to its language, we cannot infer that in proceedings under it, a seal alone imports a Court of Record. It requires in express terms, that the clerk of the Court, *under the seal thereof*, shall certify "that the same is a Court of Record." To give to the seal alone the effect claimed for it, we should have to expunge from the law what it particularly directs should be contained in the certificate, and that authenticated by the seal of the Court. This we cannot do, but must hold upon every rule of construction, that the fact, required to be certified to, must appear affirmatively in the certificate of the clerk, attested by his official seal.

The objection, that the motion to quash came too late, because made after issues joined and testimony taken, is disposed of by the decisions referred to on the part of the appellees. As the motion, for a substantial defect in the proceedings, goes to the question of jurisdiction, it will be entertained at any stage of the trial, and if the Court discovers its want of jurisdiction, it is proper to arrest the further progress of the cause by quashing the attachment. *Bruce vs. Cook*, 6 *G. & J.*, 346 ; *Stone vs. Magruder*, 10 *G. & J.*, 387.

As there is no error in the action of the Court below, the order quashing the attachment will be affirmed.

*Order and judgment affirmed.*