ISRAEL GABLE and JAMES W. BEACHAM, Partners, trading as GABLE & BEACHAM vs. JOSEPH L. BROOKS and DAVID L. BROOKS, Claimants of property attached as of CHARLES BRAID.

*Attachment under the Act of 1864, ch. 306—Validity of the Bond required by the Act of 1864, ch. 306, as preliminary to issuing the Attachment—Sufficiency of the Sureties in such Bond—Legal validity of the Bond itself.*

An attachment was sued out under the Act of 1864, ch. 306, in the name of Gable & Beacham as partners, to recover a debt alleged to be due them from Charles Braid. The affidavit required by the Act as a basis for the attachment was made on behalf of Gable & Beacham by Henry A. Gable, not a member of the firm, and in its terms conformed in all respects to the requirements of the Act. The bond required by the Act as preliminary to issuing the attachment, stated in the obligatory part "that we Henry A. Gable, agent of Israel Gable, James W. Beacham, trading as Gable & Beacham, M. W. Leib—W. B. Renshaw, in the State of Maryland, are held and firmly bound, &c., to the payment whereof we bind ourselves and each of us, our and each of our heirs, executors and administrators firmly by these presents." It then stated the purpose to issue the writ and the condition as required by the Act, and the attesting clause was, "In witness whereof we have hereunto set our hands and seals this 16th day of March, 1876." It was signed as follows:

| | |
|---|---|
| GABLE & BEACHAM. | [SEAL.] |
| HENRY A GABLE. | [SEAL.] |
| M. W. LEIB. | [SEAL.] |
| W. B. RENSHAW. | [SEAL.] |

It did not appear by whom the firm name was signed. HELD:

1st. That the members of the firm were not bound, but that Henry A. Gable, Leib and Renshaw were bound and the bond was valid.

2nd. That the firm name signed to the paper, if done without authority might be treated as mere surplusage, which did not vitiate the instrument as to the other parties.

3rd. That the bond was signed by Henry A. Gable as principal, and by Leib and Renshaw as sureties.

The sufficiency of the sureties in the bond required by the Act of 1864, ch. 306, as preliminary to issuing the attachment, is a matter left entirely to the judgment of the Clerk of the Court out of which the attachment issues, but the legal validity of the bond itself is a subject for review on appeal.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., STEWART, BRENT, MILLER, ALVEY and ROBINSON, J.

*Thomas J. Hunter* and *James H. Gable*, for the appellants.

The bond is executed by Henry A. Gable, agent for the firm of Gable & Beacham, as principal, along with the sureties, Leib and Renshaw, all of Baltimore City; the partners composing the said firm of Gable & Beacham, being non-residents of the City of Baltimore. Henry A. Gable, as agent for the firm, had power under the statute to execute, as principal, such a bond. *Code, Supplement,* 1861–67, *Art.* 10, *sec.* 4.

It is sufficiently certain from the face of the bond that Henry A. Gable is the agent of Israel Gable and James W. Beacham, partners trading as Gable & Beacham; the full reading would be "Henry A. Gable, agent of Israel Gable *and agent of* James W. Beacham," &c. The repetition of the words *and agent of*, are avoided in the use of the comma, and must be supplied, and then the grammatical construction is complete, and the sense of the whole writing discovered.

That Israel Gable and James W. Beacham are the partners trading as Gable & Beacham, is plainly stated in both the recital and the condition of the bond.

110     MARYLAND REPORTS.

Gable & Beacham, &c. vs. Brooks and Brooks, &c.

If it be contended that it is not sufficiently clear that Henry A. Gable is the agent of the firm of Gable & Beacham, still he is expressly said to be the agent of Israel Gable, one of the partners, and if agent of one partner, he is agent for both and the whole partnership; the presumption of law being that if he is employed by one partner to conduct partnership business, it is done with the assent of all the partners, and the filing of the bond in this suit was strictly a co-partnership matter. But the bond in this case is copied after the form given in the Code, in the section referred to, and especially with reference to the one passed upon by this Court in *Stewart vs. Katz*, 30 *Md.*, 337, &c., and is subject to the same reasoning that prevailed in that case, leaving out of the question the signature of the firm style and name by one of the partners, or treating it as mere surplusage; the words "or any other persons interested in these proceedings," which occur in the bond in the case just alluded to, are not necessary for a substantial and even literal compliance with the form prescribed in the *Code, Supplement*, 1861–67, *Art.* 10, *sec.* 4. And it was so decided in the case of *Howard, et al. vs. Oppenheimer*, 25 *Md.*, 363.

The signature of the style and firm name by one of the partners is mere surplusage, so far as this bond is concerned, and surplusage in law doth not invalidate. *Utile per inutile non vitiatur.* *Co. Litt.*, 303b; *Keller vs. LeMessurer*, 4 *East*, 400; 3 *Day*, 472; 2 *Mass.*, 283.

If the bond be good, then, without the firm signature, it is good with it, and would be good were it endorsed by signature under seal of every co-partnership in the State of Maryland, all of them being mere nullities. But the partnership signature in this case, made by one of the partners, binds the partner signing absolutely. *Williams vs. Hodgson*, 2 *H. & J.*, 474. And also the other members of the firm, if at the time assenting or having afterwards ratified the act, though by parol only. 1 *Parsons on Con-*

*tracts,* (6*th Ed.,*) 110, *note b;* 1 *Chitty on Contracts,* (11*th Ed.,*) 352, *notes s and u; Cady vs. Shepherd,* 11 *Pick.,* 400; *Swann vs. Steadman, &c.,* 4 *Met.,* 551; *Collyer on Partnership,* secs. 465, 466, 467, *and notes; Gram vs. Seton,* 1 *Hall,* 262; *Burn vs. Burn,* 3 *Vesey,* 578; *Shepherd's Touch.,* 55; *Story on Partnership,* secs. 119, 120, 121, 122, *and notes;* 3 *Kent Com.,* 47 *and* 48, *and notes; Anthony vs. Butler,* 13 *Peters,* 433; *Mackay vs. Bloodgood,* 9 *John.,* 285; *Bond vs. Aitkin,* 6 *Watts & S.,* 165.

The obligation of the bond is that of Henry A. Gable and the sureties, M. W. Leib and W. B. Renshaw, but as Henry A. Gable is in the obligation said to be the agent of Israel Gable and James W. Beacham, trading as Gable & Beacham, the subsequent signing by one of the firm, with an authority from the other partner, or ratification by him, makes it the obligation of both members of the firm as well. *Hurlstone on Bonds,* 6; *Shep. Touch.,* 368; *Story on Partnership,* secs. 244, 250, 251 *and* 252.

If one partner then, by signing the partnership or firm name under seal, may at least bind himself, and such signing is properly attested, as in this case it is, J. H. Gable being the witness thereto, and Justice Welby witnessing the other three signatures, the statute is fully complied with, which requires the "*plaintiff or some person on his behalf,*" to give the bond. Of course, if all the plaintiffs may be represented by another person, and a stranger, one partner may represent the rest. *Drake on Attachment,* sec. 131; *Grand Gulf R. R. & B. Co. vs. Conger,* 9 *Smedes & M.,* 505; *Kyle vs. Connelly,* 3 *Leigh,* 719; *Wallace vs. Wallace,* 6 *Howard,* (*Mi.*) 254.

The authority of one partner to sign under seal for the other, and that the signing of the partnership name under seal was rightfully done, will be presumed until rebutted by evidence *aliunde;* none but an intrinsic defect, or one which appears on the face of the proceedings can be

reached even in Maryland by a *summary* motion to quash. *Lamden vs. Bowie*, 2 *Md.*, 340; *Barr vs. Perry*, 3 *Gill*, 323.

The import of the cases last cited is that a reasonable opportunity, on a motion to quash, must be given to the plaintiff in which to offer evidence which is *dehors* the record, and that he be not taken by surprise at the trial of the cause by a simple suggestion of the defendant's attorney as *amicus curiae*, of some extrinsic defect, not to be discovered from the face of the proceedings, or as in this case, *want of authority in one of the partners to sign.* The utmost that the Court would do in such a case, says Mr. Drake, would be to rule the party to produce, within a reasonable time, the power of attorney under which he acted. *Drake on Attach.*, sec. 133.

*R. R. Boarman*, for the appellees.

BARTOL, C. J., delivered the opinion of the Court.

This is a proceeding by attachment under the Act of 1864, ch. 306, (Sup. to Code, Art. 10.) The writ was laid upon certain personal property, as of the goods and chattels of Charles Braid, the debtor. Afterwards the appellees appeared and claimed the property and moved to quash the proceedings for the following reasons: " 1st. Because of the want of a proper and legal bond filed in the case. 2nd. Because of the irregularities and legal defects of the proceedings."

This motion prevailed in the Circuit Court and the plaintiffs have appealed.

It appears from the record that the attachment was sued out in the name of the appellants as partners, to recover a debt alleged to be due them from Charles Braid. The affidavit required by the Act, as a basis for the attachment, was made on behalf of the appellants by Henry A. Gable, not a member of the firm. The Act, sec. 1, au-

thorizes the affidavit to be made "by the plaintiff or some person in his behalf." In this case the affidavit in its terms, conforms in all respects to the requirements of the Act. We discover no irregularity in the proceedings; unless as alleged in the motion, the bond be insufficient. As said by this Court in *Stewart, et al. vs. Katz*, 30 *Md.*, 344, "the sufficiency of the sureties is a matter left entirely to the judgment of the clerk; but the legal validity of the bond itself is a subject for review on this appeal."

The bond in the obligatory part states, "that we, Henry A. Gable, agent of Israel Gable, James W. Beacham, trading as Gable & Beacham, M. W. Leib— W. B. Renshaw, in the State of Maryland, are held and firmly bound, &c.," "to the payment whereof we bind ourselves and each of us, our and each of our heirs, executors and administrators firmly by these presents."

It then states the purpose to issue the writ, and the condition as required by the Act, and the attesting clause is, "In witness whereof we have hereunto set our hands and seals this 16th day of March, 1876."

It is signed as follows:

| | |
|---|---|
| GABLE & BEACHAM. | [SEAL.] |
| HENRY A. GABLE. | [SEAL.] |
| M. W. LEIB. | [SEAL.] |
| W. B. RENSHAW. | [SEAL.] |

There can be no doubt that this is a good bond to bind Henry A. Gable, Leib and Renshaw—Though it would not bind *Gable & Beacham*, unless it was signed by one of the members of the firm, having the requisite authority from his co-partner for that purpose, or by some other person with such authority. It does not appear by whom the names of the firm were signed. We assume however that it was done by Henry A. Gable, who appears to have acted for them throughout the proceedings; and as his authority for that purpose is not shown, we conclude that the mem-

bers of the firm are not bound. But it does not follow that the bond is invalid for that reason. We have said Henry A. Gable, Leib, and Renshaw are bound. The case is very similar to *Stewart vs. Katz*, before cited. That was a proceeding of the same kind. The writ of attachment was sued out in the name of Stewart, Warden & Fox, trading as A. T. Stewart & Co., by Henry H. Rice acting in their behalf. The bond, which was attacked as invalid, was given by Rice, who called himself, in the obligatory part, agent of S. W. & F., trading, &c., and was signed and sealed by *Henry H. Rice, Agt.*, Alexander Murdock, and C. W. C. McCoy.

It was held to be a good bond, and that Rice and the other parties who signed were bound. It was held that the "mere description of Rice as agent for the parties who were non-residents of the State, and the expression in the recital that the *above bounden,* Stewart, Warden and Fox, were about to sue out the attachment, cannot have the effect of setting aside the legal force and operation of the other controlling terms of the instrument, which plainly import personal liability on his part."

The ruling in that case we think governs the present. Here Henry A. Gable calls himself agent in the body of the bond, but he signs and seals the instrument without any affix to his name; and in that respect his personal liability is even more clear than that of Rice in the case cited. Here the names of Gable & Beacham are signed to the bond, which it is assumed was done without lawful authority, in this respect the case differs from *Stewart vs. Katz.* But that cannot impair the validity of the bond, or affect the liability of the other obligors. The partners, Gable & Beacham, nowhere appear in the body of the instrument, nor are there any terms by which they become parties, or bind themselves as obligors. Their names signed to the paper, if done without authority, may be treated as mere surplusage, which does not vitiate the

instrument as to the other parties. It is signed by Henry A. Gable as principal and Leib and Renshaw as sureties, and in this respect the case differs from *Wanamaker vs. Bowes*, 36 *Md.*, 42, in which it was held that a bond was invalid because not executed by the principal, for the reason that a party could not be bound as principal and surety in the same obligation.

For the reasons stated, and upon the authority of *Stewart vs. Katz*, we are of opinion the Circuit Court erred in sustaining the motion to quash.

The order will therefore be reversed and the cause remanded.

*Reversed and remanded.*

(Decided 1st March, 1878.)