# SUPERIOR COURT OF BALTIMORE CITY.

Filed October 18, 1907.

EDWARD PELS
VS.
ALLEN B. LOCKHART.

*John L. G. Lee* for plaintiff.
*Milton Roberts* for defendant.

SHARP, J.—

This case arises under the "Speedy Judgment Act" of Public Local Laws, Article 4, Section 167, &c. It is conceded that the affidavit to the pleas is defective because it does not state that the affiant, who is the defendant, made oath that he disputed the whole of the plaintiff's claim, Code, Public Local Laws, Art. 4, Sec. 167, Poe's Prac., Sec. 417, p. 471. The motion for judgment is resisted on the ground that the account filed with the nar is not such an account as the law contemplates, and that the case therefore cannot be held to have been brought under the Act, Public Local Laws, Art. 4, Sec. 167.

The account filed with the nar is entitled "Edward Pels in account with Allen B. Lockhart," but for these words it would be impossible to tell for what the document was intended. There are a number of ruled claims containing letters and figures, but their meaning does not appear. The process of arriving at the "Bal. due" is wholly unexplained.

It is contended that the "account" is such as is used in stock transactions, and would be intelligible to a banker or any one acquainted with the practice among bankers and brokers in such transactions. If this is true, it is not enough. The defendant is entitled to a statement of the claim against him, expressed in language, or in a form that an ordinary person can understand without the aid of parole proof. The explanation of the various figures and letters contained in the account made in the plaintiff's brief are no doubt correct, but they do not appear in the account. Without them the account is unintelligible. It would be impossible for a court or a jury to determine from the document filed, if its correctness was conceded, the nature of the claim against the defendant..

The account referred to differs from the account filed in Stewart vs. Katz, 30 Md., 346.

The account in that case, though made out "in a form usually adopted by merchants engaged in extensive business" was "intelligible." The character, quantity and prices of the various goods sold were stated—if not with great precision, yet in terms, which an ordinary person could understand. This is not so in the account now in question.

See Burk vs. Tinsley, 80 Md., 99, and cases cited in Hodge and McLane on Attachments, Sec. 20.

The motion for a judgment for want of a plea must be refused.

The case will be put upon the trial docket.