# BALTIMORE CITY COURT.

Filed December 18, 1911.

### JONES AND LAMB COMPANY
### VS.
### STEIN.

*J. Leiper Winslow* and *Harry M. Benzinger* for plaintiff.
*Jacob M. Moses* for defendant.

NILES, J.—

In this case the plaintiff sued out an attachment against defendant on the ground of fraud.

The Code provides that a prerequisite of such an attachment is the taking "from the plaintiff or some person on his behalf bond to the State of Maryland, with security," etc.

A bond was filed in which the obligators are stated to be "Howard Smith on behalf of the Jones & Lamb Co. and Howard Smith," and that to the payment of the penal sum "we bind ourselves, our heirs, executors and administrators * * * sealed with our seal."

In one of the recitals of the bond there is reference made to "the above bounden Jones and Lamb Company, viz:"

The bond is signed as follows, viz:

Howard R. Smith,     (Seal).
On behalf of Jones & Co.,     (Seal).
Howard R. Smith,     (Seal).

The "Seals" are simply the word "Seal" enclosed in brackets and printed on the form of bond opposite the lines left for the signatures.

The only question in this case is whether such a bond complies with the statute, and is "a bond given by the plaintiff, or someone on his behalf, with security."

A most elaborate and carefully prepared brief has been filed by counsel for plaintiff, in which it is contended:

1st. That under the facts above outlined the construction of law is that the bond was, as matter of fact, executed and sealed by the Jones & Lamb Co.

2nd. That under the said facts the execution and sealing of the bond by "Howard Smith on behalf of Jones and Co." must be in law considered as the act of the "Jones & Lamb Co., by Howard Smith, its attorney," and if authorized by the Jones & Lamb Co., is binding upon it from the time of its execution.

3rd. That even if not binding upon the corporation at the time of its execution, it was ratified by it, and such ratification relates back to time of its execution, and makes it consequently a bond good ab initio.

In spite of plaintiff's earnest and able argument, I feel compelled to

hold each of these positions unsound, and to adhere to the rulings made upon the trial.

Taking the third point first, the question here is not whether the defendant could not waive the defective execution of the bond, go to trial, and, after a decision in his favor, hold the plaintiff liable upon the instrument under the doctrines of estoppel or ratification.

On the contrary, the question is whether the plaintiff, entitled to extraordinary process only upon compliance with certain prerequisites, has complied with those prerequisites.

An attachment authorized only upon giving of a bond cannot be justified if a paper be given which may or may not become a bond, according as to whether or not the attaching creditor thereafter ratifies it.

If the defendant, in due time, moves to quash the writ, alleging that the necessary prerequisites did not exist when the writ was issued, he has a right to have it quashed, if he can prove his allegation, and, in such case, there is no room for the application of the doctrine of ratification, or any other doctrine which would allow the writ to be validated by any act of plaintiff subsequent to its issue.

The plaintiff's second contention is answered by the words of the statute.

The statute requires the bond to be given by either one of two classes of persons, viz: (1) the plaintiff, or (2) some person on his behalf.

An execution of the bond by an "agent" or "attorney" of the plaintiff, in such a way as to make the plaintiff the obligor and relieve the agent or attorney of personal liability, would fall under the first class. It would be, in law, executed by the plaintiff.

The second class evidently contemplates some one who, "on behalf of" the plaintiff, binds himself.

The bond in the case at bar purports to be executed as provided for by the second alternative of the statute.

But the statute requires that whoever gives bond on behalf of the plaintiff must give "security" and here there is no security, for a "party can-

not be both principal and surety in the same obligation."

Wanamaker vs. Bowes, 36 Md., 42, 56.

The plaintiff's first contention is based upon the fact that opposite the words "on behalf the Jones & Lamb Co.," there is printed a seal, and it argues that this seal must be taken to be the seal of the corporation, that the words "the above bounden Jones & Lamb Co." indicate that the corporation was intended to be the principal obligor, and that the signature above mentioned, if made by an agent who is shown by parol proof or otherwise to have authority to execute this particular bond on behalf of the corporation will make it the obligation of the corporation duly sealed by it.

Beside the apparent impossibility of reconciling these positions with the cases of Stewart vs. Katz, 30 Md., 334; Wanamaker vs. Bower, 36 Md., 42, and Gable vs. Brooks, 48 Md., 108, the trouble with this contention is that it contradicts the plain intention to be gathered from the whole instrument.

Taking it altogether, it is clear that the bond is executed by "Howard Smith on behalf of the Jones and Lamb Company." As before stated, this is allowed by the statute, and it was evidently in view of the wording of the statute that the particular phraseology was chosen.

But if the statute has been correctly construed above as differentiating an agent or attorney who executes the bond as the bond of the plaintiff, from another individual who binds himself personally "on behalf of" the plaintiff, the bond is executed by a person belonging to the latter class, and the mere fact of the printed seal being found where it is can not be allowed to change the whole character of the instrument.

Stewart vs. Katz, 30 Md., 334, 346.

See also Gable vs. Brooks, 48 Md., 108.

Summarizing the whole case, in view of the Maryland authorities cited, I cannot resist the conviction that an attachment on original process for fraud can only be issued upon filing a bond by one of two descriptions of principals, viz: (1) the plaintiff; (2) some other person who personally binds himself on behalf of the plaintiff; that when a bond is executed by

either class of principal he must also give "security"; and that in this case the bond was executed by a person who bound himself personally on behalf of the plaintiff, but who did not give "security".

It may seem to the plaintiff that the ends of justice are not attained in this particular case. But even this is better than that a precedent be set whereby legal process may be used aggressively and contrary to law.

The process of attachment is an extraordinary and drastic proceeding capable of great abuse, and the legislature never intended that under it a man's property should be summarily seized unless there were given a bond whereon it plainly appeared that at least two persons undertook to indemnify him if the seizure was wrongfully made.

—The motion for a new trial will be overruled.