(Decded 27th March, 1889.)

---

GEORGE MAY, Sheriff of Baltimore City, and THOMAS J. SHRYOCK & Co. *vs.* BUCKHANNON RIVER LUMBER COMPANY OF WEST VIRGINIA.

*Act of 1864, ch. 306—Attachment—Lien—Duty of Sheriff.*

The Act of 1864, ch. 306, providing for attachments on original process, is only a remedial Act, and gives the creditor no lien.

The mere issuing a writ of attachment and placing it in the hands of the sheriff does not create a lien on the property of the debtor; the lien exists only in respect of the property actually taken by the sheriff.

It is the duty of the sheriff to make the first levy on the property of the debtor under the writ first placed in his hands.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued for the appellee before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J., and submitted for the appellants.

*John M. Carter*, for the appellants, Thomas J. Shryock & Co.

*Bernard Carter*, for the appellant, George May.

*Francis K. Carey*, for the appellee.

YELLOTT, J., delivered the opinion of the Court.

On the 6th of September, 1888, certain property, belonging to James A. Fritter, was taken by the sheriff under an attachment on original process issued to enforce a claim of Shryock & Co., against the said Fritter. Before this writ was issued the Buckhannon River Lumber Company, on the 29th of August, 1888, had caused a writ of attachment to be issued against the said Fritter. In the case of Shryock & Co. the sheriff had levied on a horse, buggy, and harness belonging to Fritter, while the Buckhannon River Lumber Company had instructed the sheriff to levy on other property belonging to said Fritter. The Buckhannon River Lumber Company afterwards filed a petition in the Court below alleging that, at the time when it gave instructions to the sheriff, it was ignorant of the existence of the property levied on in the case of *Shryock & Co. vs. Fritter.* It claims a priority of lien on the property levied on in the attachment suit of *Shryock & Co. vs. Fritter,* and asks the Court to pass an order giving it the advantage of such supposed priority. The Court passed an order directing that the fund created by the sale of the property in controversy should be subject to the lien of Shryock & Co. only in subordination to the lien of the attachment in the case of the Buckhannon River Lumber Company. From this order of the Court below an appeal has been taken.

If by merely issuing a writ of attachment, and placing it in the hands of the sheriff, a lien is created on all the property belonging to the person against whom the proceedings are instituted, the order passed by the Court below would be in strict conformity with the principles established in relation to priorities. But, as was decided by this Court in *Horwitz vs. Ellinger,* 31

29         

*Md.*, 492, "the Act of 1864, ch. 306, providing for attachments on original process, is only a remedial Act; it gives the creditor no lien, and only provides a more speedy remedy in the cases enumerated than before existed."

It has been held in Courts of the highest authority that the only lien created by levying an attachment, is on the property actually taken by the sheriff. This lien is merely *inchoate* and awaits the judgment of the Court for its consummation. *Pratt vs. Law*, 9 *Cranch*, 456; *Morehead vs. West. N. C. R. R. Co.*, 96 *N. C.*, 362.

The authorities cited by counsel for the appellee are the mere opinions of text writers, derived from cases relating to the issuing of executions to enforce the judgments of judicial tribunals. In cases of this sort the liens were created by adjudication. But it is manifest that no man can, by merely applying for and obtaining a writ of attachment, create a lien on all the property of another person. On the property taken by the sheriff there may be an *inchoate* and imperfect lien awaiting the determination of the Court having jurisdiction. This lien, if it can be properly so called, exists in favor of the party who has been successful in discovering the property and taking it by virtue of his writ. Another party cannot claim priority merely because his writ was first issued. One party by his vigilance having obtained an *inchoate* lien on the property in controversy may invoke the application of the principle enunciated in the maxim *qui prior est tempore, potior est jure.* This maxim though, perhaps as old as our system of jurisprudence, is just as applicable now as when first promulgated by the English Courts. It ought not to be ignored, but should govern and control the Court's action in the determination of the question presented by this record. But although

Shryock & Co. have acquired a priority under the circumstances stated in the record, by the levy of its attachment on the horse, buggy, and harness, and the sale of the property by the sheriff, yet there is another question in the case. It was the duty of the sheriff to make the first levy on the defendant's property under the first writ which was placed in his hands. By not doing so, he has given to the second attaching creditor the priority, which he ought to have given to the first. By the answer of Shryock & Co., filed in answer to the petition of the Buckhannon River Lumber Company, it was agreed that if the Court should be of opinion that it was the duty of the sheriff to lay the petitioner's attachment before laying theirs, the error of the sheriff should be corrected by an amendment of his returns to the writs of attachment, so as to give priority to the first attachment. We have said that this was the duty of the sheriff. Under this consent on the part of Shryock & Co. the Court below properly ordered the amendment, and we affirm its order.

*Order affirmed,*
*with costs.*

