## LOUIS W. GUNBY *vs.* LEVIN A. PORTER, Garnishee of WILLIAM F. CAUSEY.

*Attachment Against Non-Resident—Sufficiency of Affidavit.*

In an attachment against a non-resident, an affidavit by the plaintiff that the defendant "is not a citizen of the State of Maryland and doth not reside therein," is a substantial compliance with Code, Art. 9, sec. 4, requiring the affidavit in such case to state that the plaintiff " knows, or is credibly informed and verily believes, that the defendant is not a citizen of the State, and that he doth not reside therein."

Appeal from the Circuit Court for Wicomico County. The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., MC-
SHERRY, FOWLER, BRISCOE and ROBERTS, JJ.

*Robert P. Graham* (with whom was *H. L. D. Stanford* on
the brief), for the appellant, cited: *Franklin* v. *Claflin*, 49
Md. 24; *Foran* v. *Johnson*, 58 Md. 145; *DeBebian* v. *Gola*,
64 Md. 261; *Risewick* v. *Davis*, 19 Md. 92; *Barr* v. *Perry*,
3 Gill, 313; *Jones* v. *Leake*, 11 Sm. & Mar. 591; *Drake on* ·
*Att.*, sec. 106.

*E. Stanley Toadvin* (with whom was *Geo. W. Bell* on the
brief), for the appellee, cited: *Shriver* v. *Wilson*, 5 H. &.
J. 132; *Evesson* v. *Selby*, 32 Md. 345; *Boarman* v. *Israel*,
1 Gill, 381; *Risewick* v. *Davis*, 19 Md. 91; 2 *Poe's Prac.*,
502; *Randall* v. *Mellen*, 67 Md. 187; *Coward* v. *Dillinger*,
56 Md. 61; *DeBebian* v. *Gola*, 64 Md. 269; *Franklin* v.
*Claflin*, 49 Md. 38; *Drake on Att.*, sec. 84; *Hall* v. *Jack-
son*, 48 Md. 254; *Barr* v. *Perry*, 3 Gill, 317; *Hinkley on
Att.*, sec. 49; *Dumay* v. *Sauchez*, 71 Md. 510; *Thompson*
v. *Tomson*, 1 H. & McH. 504; *Ruppert* v. *Hang*, 87 N. Y.
141; *Thornington* v. *Merrick*, 101 N. Y. 5; *Dean* v. *Oppen-
heimer*, 25 Md. 377.

BRISCOE, J., delivered the opinion of the Court.

The appellant sued out an attachment in the Circuit
Court of Wicomico County against the defendant, William
F. Causey, a non-resident of the State of Maryland, and
attached certain goods in the hands of the appellee as gar-
nishee. The garnishee was summoned, and at the trial moved
to quash the attachment, because of the insufficiency of the
affidavit. There were other reasons assigned in support of
the motion to quash, but it is not material that they should
be considered here. The motion was sustained, and from
the judgment entered in the case this appeal has been taken.

It is contended that the affidavit is defective, because
it does not sufficiently aver the jurisdictional fact of the
non-residence of the defendant. In the affidavit whereon

the attachment was issued, the plaintiff avers that the defendant, not being a citizen of the State of Maryland, and not residing therein, is justly and *bona fide* indebted ——, and the Clerk of the Court, before whom the affidavit was made, certifies that the plaintiff made oath that the defendant is not a citizen of the State of Maryland, and doth not reside therein.

And it is urged that this affidavit is defective, because it fails to set forth the precise words of the statute, that the plaintiff " knows, or is credibly informed and verily believes that the defendant is not a citizen of the State, and that he doth not reside therein." Code, Art. 9, sec. 4.

Now there can be no doubt that proceedings under our attachment laws against the property of an absent debtor is a special remedy conferred by statute, and must be followed in the manner pointed out by the statute, but a substantial compliance is all that is held to be necessary. One of the jurisdictional facts necessary to appear in the affidavit as the foundation of the attachment, is the non-residence of the defendant. In this case we have the positive and affimative oath by the plaintiff, that the defendant is a non-resident, which we think not only substantially complies with the statute, but is sufficient to support the attachment. Any additional statement where the truth of the fact averred is not traversed nor denied, could add nothing to its validity.

In the case of *Franklin, Claimant,* v. *Claflin & Co.,* 49 Md. 37, this Court said: " We think it is clear that the jurisdictional fact need only be set forth with substantial accuracy without negativing every possible conclusion to the contrary." And in *Jones* v. *Lake,* 11 Smedes and Marshall Reports, 593, a case somewhat similar to the one now under discussion, where a writ of attachment was quashed in the Circuit Court, because the affidavit whereon it was issued did not set forth in so many words, that the facts sworn to were within the personal knowledge of the affiant, or that he had been informed or believed them to be true,

was reversed on appeal by the Court of Appeals of Mississippi, and Mr. Justice Thatcher, in delivering the opinion of that Court, said: " That the statute, it is true, says that the facts, upon which an application for an attachment is predicated, shall be stated in the affidavit to be within the personal knowledge of the applicant, or that he is informed or believes the facts stated to be true.   The addition of such a statement, after a positive affidavit that certain facts exist, would be mere surplusage, which the law never tolerates. The substantial requirements of the Act are complied with in this affidavit, which is enough to sustain its validity."

And to the same effect are the decisions in cases where the legal sufficiency of affidavits in attachment cases have been passed upon by this Court.  *Franklin* v. *Claflin, supra*; *Foran* v. *Johnson*, 58 Md. 144; *DeBebian et al.* v. *Gola*, 64 Md. 264; *Dumay* v. *Sanches & Gibson*, 71 Md. 509.

We therefore think that the affidavit in this case was sufficient to support the attachment, and there was error in quashing the writ, so the judgment will be reversed and a new trial awarded.

*Judgment reversed and new trial awarded.*

(Decided February 27th, 1895.)