PAUL M. TONN and FREDERICK W. LINDERS, Co-Partners Trading as Linders and Company, *vs.* WILLIAM H. COLLINS.

*Attachment; on original process; summons; service; voluntary appearance of defendant; affidavit; filed in former suit.*

The object of an attachment is to secure the appearance of the defendant by the seizure of his property and to subject that property to the payment of the debt.                    p. 54

The proceeding is *in rem* so far as the property is concerned; the action, if validly instituted, may proceed against the property attached, although until jurisdiction of the defendant by summons or by his voluntary appearance is had, there can be no judgment *in personam* against him.          p. 54

A substantial compliance with the terms of the statute is sufficient to give the Court jurisdiction.                    p. 55

Where property is attached on original process issued out of the Court of one county and the summons was served on the attachment debtor in the same county it is no objection to the jurisdiction of the Court to proceed to a judgment of condemnation that the defendant was not served with the writ in his own county.                    p. 55

In an attachment on an original proceeding the necessary affidavit required by section 36, Article 9 of the Code of Public General Laws, had been filed in a former suit between the

same parties about a year previously in another county; it was *held,* that while the proper practice was to file a new affidavit, the irregularity was not jurisdictional and did not affect the validity of the proceeding.                    p. 57

*Decided June 23rd, 1911.*

Appeal from the Circuit Court for Wicomico County (PATTISON, C. J.).

The cause was submitted to BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, URNER and STOCKBRIDGE, JJ.

*A. P. Barnes* and *Joseph L. Bailey* submitted a brief for the appellants.

*John H. Handy* and *William G. Kerbin* submitted a brief for the appellee.

URNER, J., delivered the opinion of the Court.

An attachment on original process for fraud was issued out of the Circuit Court for Wicomico county at the suit of the appellants and was levied upon certain personal property of the appellee in that county. After special appearance for the purpose the appellee moved to quash the attachment upon the grounds, first, that no writ of summons against him was directed to the sheriff of Worcester County where he actually resides, and secondly, that the affidavit upon which the attachment issued was invalid because of having been made a long time before it was used in the suit. The motion was supported by affidavit but no evidence appears to have been adduced. It may be gathered however, from the record that the fact of the defendant's non-residence in Wicomico County was practically conceded. The attachment was quashed and judgment entered for the defendant. It is the action thus taken by the Court below that is presented for our review upon this appeal.

It appears that at the institution of the attachment pro-
ceeding a direction in writing was given to the Clerk of the
Circuit Court for Wicomico County to issue "summons to
be served on the defendant and to send a copy of the short
note to be set up at the Court-house door." Upon the
approval of the bond the writs of attachment and summons
were issued by the clerk to the sheriff of the same county.
The former writ was levied upon the property already
referred to, and the latter was served upon the defendant,
who was in Wicomico County at the time. The contention
is that although the defendant was actually summoned to
appear to the plaintiff's suit, yet inasmuch as the writ of
summons was not directed to the county of the defendant's
residence, the Court was without jurisdiction to entertain
the proceeding.

Section 38 of Article 9 of the Code of Public General
Laws, relating to attachments of this character, provides
that: "There shall be issued with every attachment issued
under the provisions of the two preceding sections, a writ of
summons against the defendant, as is usual in actions at law.
The action shall be instituted either in the county where
the defendant resides or where the property proposed to be
attached may be located or found, or where the proposed
garnishee resides; but if the action be instituted in any
county other than that wherein the defendant resides the
writ of summons against the defendant shall be directed to
the sheriff of the county wherein the defendant resides,
returnable to the Court in which the action shall be brought."

It has been held by this Court that: "The object of an
attachment is to secure the appearance of the defendant by
the seizure of his property (*Barney* v. *Patterson,* 6 H. & J.
182), and to subject that property to the payment of the
debt." *Johnson* v. *Stockham,* 89 Md. 376. The proceeding
is *in rem* so far as the property is concerned. Until juris-
diction of the defendant is obtained by summons or volun-
tary appearance there can be no judgment *in personam,* but
the action, if validly instituted, may nevertheless proceed

against the property attached. *Coward* v. *Dillinger,* 56 Md.
59; *Johnson* v. *Stockham, supra.* In the case before us if
the summons had been sent to the sheriff of Worcester
County and had failed of service because of the absence of
the defendant in Wicomico County, it is clear, under the
authorities cited, that this would not have affected the juris-
diction of the Court in which the attachment was issued to
entertain the writ and to proceed to a judgment of condemna-
tion.

The practical question to be determined here is whether
a summons and actual service in the county in which the
suit is brought shall be held less effective to support jurisdic-
tion than a futile summons directed to the county of the
defendant's residence. In our judgment to sustain as juris-
dictional the objection we are considering, under the circum-
stances of this case, would require an unnecessarily strict
construction of the statutory provisions on the subject and
would produce a result opposed to their manifest spirit and
purpose. When a defendant in such a proceeding can be
reached, and is in fact served, with process in the county in
which the attachment is issued, and to which the writ of
summons is to be returned, there is no possible prejudice
that he can sustain from the mere omission to send a subpoena
to the county of his domicile. The statute does not make it
necessary that the suit should be brought in the defendant's
home county. But where the proceeding is instituted in a
county in which he has property, but does not reside, pro-
vision is made for the issuance of a summons in the way most
likely to accomplish the ordinary purpose of such a writ.
When the whole object of this requirement has been grati-
fied by the actual and regular service of a formal subpoena
granted by the Court whose jurisdiction is invoked, it would
seem unduly technical to quash the attachment simply on
the ground that the summons was not sent to a different
county. It has been held that a substantial compliance with
the terms of the statute is sufficient to give the Court jurisdic-
tion. *Gunby* v. *Porter,* 80 Md. 402; *Evesson* v. *Selby,* 32

Md. 346.; and the general policy of the law is indicated
in a liberal provision for amendments "so that all attach-
ment cases may be tried on their real merits and the pur-
poses of justice subserved," and in the declaration that no
such proceeding shall "be quashed or set aside for any defect
in mere matter of form." Code, Article 9, section 28. We
are clearly of the opinion that the jurisdiction of the Court
in this case should be sustained as against the objection we
have discussed.

. This conclusion is not at all in conflict with the principle
of the decisions of this Court enforcing the due observance
of the requirement of the issuance of a *capias* for the defend-
ant and a copy of the short note to be set up at the court-
house door in attachment suits against non-resident and
absconding debtors. *Stone* v. *Magruder,* 10 G. & J. 383;
*Campbell* v. *Webb,* 11 Md. 481. There is a material dis-
tinction between an actual service of the writ of summons
in the manner shown by this record and the failure to issue
any writ at all.

The second ground of objection may be disposed of briefly.
It is covered by the case of *Hadden* v. *Linville,* 86 Md. 234.
In that case a motion was filed to quash the attachment
because the affidavit appeared to have been made several
months prior to the time of suing out the writ. The attach-
ment was against a non-resident, and the Court held that
the act did not intend that the affidavit must necessarily be
made at or near the time of the institution of the suit, and
did not direct that it should be made within a reasonable
time. It is provided by section 4 of Article 9 of the Code
that an attachment of that kind shall not issue "unless there
be an affidavit," etc., while with respect to a case like the
present the provision is that "before any such writ of attach-
ment shall be issued" an affidavit shall be filed in form and
effect as prescribed, Article 9, section 36. The conclusion
of the Court in the case cited was that the divergence of
dates between the affidavit and the attachment did not in itself
affect the question of jurisdiction. It was said in reference

to the suggestion that the affidavit should be made within a reasonable time: "If this construction of the statute be insisted on, it may be asked by what facts and circumstances is the reasonableness of the time to be determined? Is it to depend on distance, facility of inter-communication, diligence, or the vicissitudes of the weather?" "A jurisdictional question, above all others," said the Court, quoting with approval from *Wilson* v. *Arnold,* 5 Mich. 104, "should not be left in so much uncertainty."

In the case at bar it is stated by both the appellant and appellee in their briefs that the affidavit in question had been filed in an attachment suit between the same parties brought about a year previously in Worcester county. It was withdrawn from that case for use in the present proceedings. While the period intervening between the making of the affidavit and the institution of the pending suit was considerable, and while the proper practice would have been to file a new affidavit, the irregularity is not jurisdictional and we must overrule the objection which has been interposed on this ground.

The learned Court below erred in granting the motion to quash and giving judgment for the defendant, and its action will, therefore, be reversed and the cause remanded to the end that there may be a trial on the merits.

> *Judgment reversed, with costs to the appellant, and cause remanded.*