WILLIAM BASS *vs.* ALFRED DUMAS and Logs and Lumber.

Somerset.    Opinion September 13, 1915.

*Attachment.      Bankruptcy.      Filing Copy of Attachment.      Lien.
Possession.    Preserving Attachment.    Return.
R. S., Chap. 83, Sect. 27.    Signature.*

1.  To preserve an attachment of personal property, the officer must either retain the possession of it, or he must within five days after the attachment, in case the property is bulky, file in the town clerk's office an attested copy of so much of his return on the writ as relates to the attachment.

2.  If an officer making an attachment of bulky property does not either retain possession, or within five days file in the town clerk's office an attested copy of so much of his return on the writ as relates to the attachment, the attachment is dissolved.

3.  A return not signed by an officer himself is not a return, although it may have been signed by someone else in his name, by his direction.

4.  When the signature of a public officer is required he must make it himself. He cannot delegate the doing of it to another.

5.  The copy of an officer's return of an attachment filed in the town clerk's office must be attested by the officer himself, or the attachment is not preserved.

6. In this case, the officer did not preserve his attachment by retaining the possession.

7. When an attachment is dissolved by failure of the officer either to retain possession or by filing an attested copy of his return in the town clerk's office, he cannot revive the attachment by merely taking possession afterwards. He must make a new attachment. And that he cannot do after the writ is entered in court.

8. When an officer has several writs to serve against the same defendant, attaches the same property on all, and in one case makes a good return, and files an attested copy of it in the town clerk's office, but fails to make a good return or to file a sufficiently attested copy in any of the others, the preservation of the attachment in the one case does not continue the officer's right to possession in the other cases, in which the attachment was dissolved by failure to comply with the statute.

9. When an officer making an attachment fails to preserve it, in the case of bulky property, either by retaining possession or by filing in the town clerk's office a copy attested by himself of his return signed by himself, the attachment is not revived by the officer's amendment of his return by signing it afterwards, by leave of court.

On report. Judgment that plaintiff has no lien. Remanded.

This is an action to enforce a lien for cutting and hauling certain logs. Plea, the general issue with brief statement.

At the conclusion of the evidence, the case, by agreement of parties, was reported to the Law Court for determination. Upon so much of the evidence as is legally admissible, the Law Court will render such judgment as the law and the evidence require.

The case is stated in the opinion.

*Butler & Butler* for plaintiff.

*W. B. Brown,* for Dumas.

*W. R. Pattangall and Thomas Leigh,* for Schmick Handle & Lumber Co.

*George W. Heselton and Fred F. Lawrence,* for Wendell F. Brown Co.

*Harvey D. Eaton and H. L. Hunton* for David B. Ellis.

SITTING: SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

SAVAGE, C. J. Action to enforce a lien for cutting and hauling logs. The defendant was a contractor. The Schmick Handle and Lumber Company was the owner. The logs were taken to the yard of the owner, and there sawed into lumber, and the lumber was

stuck up. Other lumber was intermingled with it by the owner without the plaintiff's consent. The Schmick Handle and Lumber Company was afterwards petitioned into bankruptcy, and all the lumber was sold to the Wendell F. Brown Company by the trustees in bankruptcy. The latter company appears now to defend against any judgment in rem. It is admitted that the amount claimed is due from the defendant Dumas. The labor was performed in November and December, 1913 and January, 1914. The suit was begun January 19, 1914. An attachment of the sawed lumber was made January 20, and a copy of the return of so much of the officer's return as related to the attachment, and so forth, as required by statute, was filed in the town clerk's office, January 21. R. S., chap. 83, sect. 27. The Schmick Handle and Lumber Company was adjudicated a bankrupt February 6, and the lumber was sold September 26.

The writ in this case was one of fifty-seven writs, all made the same day for different persons claiming liens. All were against the same defendant and against the same sawed lumber. On one writ the officer made a return of the attachment and signed it with his own hand. He also signed and attested the copy filed in the town clerk's office. But on each of the others, including the one in this case, the return and the copy filed were, under his direction, made and signed by others, in his name, as "David B. Ellis, by E." It is admitted that on January 29, 1915, the officer being advised that the legality of his return was questioned took actual possession of so much of the lumber attached as had not previously been shipped away, and still retains the same. At the January, 1915, term of court the officer was granted leave to amend his return by signing it, which he accordingly did.

The Wendell F. Brown Company defends against any judgment in rem on several grounds. We consider only one, namely, that the lien by attachment was lost because of the failure of the officer to sign the return and to attest the copy filed in the town clerk's office, by his own hand.

That the officer made a valid attachment may be conceded. An attachment of personal property is made by taking possession and control of the same to be held to be forthcoming on execution. *Darling* v. *Dodge*, 36 Maine, 370; *Lewiston Steam Mill Co.* v.

*Merrill,* 78 Maine, 111. Independent of any statute, to preserve and continue the attachment the officer must retain possession. He must either have the actual physical custody of it, or such control as to have the power of taking immediate possession. *Nichols* v. *Patten,* 18 Maine, 238; *Brown* v. *Howard,* 86 Maine, 342. To obviate the inconvenience of doing this in the case of bulky articles, the statute provides that in such a case, "the officer may, within five days thereafter, file in the office of the clerk of the town in which the attachment is made, an attested copy of so much of his return on the writ as relates to the attachment, with the value of the defendant's property which he is commanded to attach, the names of the parties, the date of the writ, and the court to which it is returnable, and such attachment is as effectual and valid as if the property had remained in his possession and custody." R. S., chap. 83, sect. 27. To relieve the officer from the necessity of retaining actual possession he must follow the statute. He must file an attested copy of his return, and that means that he must first make a return. Filing the attested copy does not continue the possession. It is a substitute for possession. By it the lien of the attachment is preserved. So is the officer's special property, and right to take possession. *Wentworth* v. *Sawyer,* 76 Maine, 434; *Lewiston Steam Mill Co.* v. *Merrill,* 78 Maine, 107; *Perry* v. *Griefen,* 99 Maine, 420. But, if the officer does not either retain possession or within five days file such an attested copy of his return as the statute prescribes the attachment is dissolved. It no longer exists. And in order to get the right of control over the property again he must make a new attachment.

In this case the officer did not make any return over his own signature, nor did he file any copy of a return attested by himself. A return not signed by the officer is not a return, although it may be signed by someone else in his name and by his direction. The very office of a return requires a signature. And it is the signature which authenticates it and gives it its official character. When the signature of a public officer is required he must make it himself. He cannot delegate the doing of it. The question is res adjudicata in this state. *Chapman* v. *Limerick* 56 Maine, 390. See Opinions of the Justices, 68 Maine at p. 588; 70 Maine at p. 564; *McGuire* v. *Church,* 49 Conn., 248. So the attestation of the copy filed is an

official act. It must be done by the officer, by his own signature. Indeed, this proposition is not controverted in argument. The officer therefore did not comply with the statute. He did not make a valid return. He did not attest the copy of the return that was made. We must hold accordingly that the attachment was not preserved by filing the paper in the town clerk's office.

But it is contended in argument that the officer did continue to retain such a possession as was sufficient to preserve the attachment, irrespective of the filing of the copy of the return. Of course, an officer may preserve an attachment by filing the copy and by retaining possession at the same time. But we think this officer did not do so. The nature of the property, taken in connection with the fact that the officer attempted to preserve the attachment by filing the copy, has some significance, as ordinarily the copy is filed as a substitute for possession. It is admitted that while the trustees of the Schmick Handle and Lumber Company were conducting work in the yard, and when the Wendell F. Brown Company were sorting and shipping six cars of the lumber that had been attached, the officer did not in any way interfere or attempt to prevent the work, or the management and control of the lumber. And perhaps it is more significant than all the rest that the officer as soon as he learned that the preservation of the attachment was to be questioned in this suit, immediately took steps to take what the case calls "manual possession" of what lumber was left. And it should be noted that the officer was not called to testify, and there is no testimony that he retained possession. From all this, we think the only reasonable inference is that he did not retain possession, but that he filed the copy of the return as a substitute for it.

But the plaintiff makes one other point. It seems that the attachment in one case was preserved by making a good return and filing a good attested copy of it. And it is argued, as we understand the contention, that in some way this continued the possession of the officer, or his right to possession, so that he could afterwards take and hold possession under the attachment in this case. The suits were separate and the attachments separate. One might be preserved and another lost. Whether preserved in any case depended upon what was done in that particular case. The filing of the good copy in one case did not of itself, as we have said, continue the

possession. It continued the right to possession only, and only in that case. If in other cases, the attachment was lost by failure to comply with the statute, the good attachment could not sustain or revive those that were dissolved. This one attachment could be preserved only by retaining posession or filing a statutory copy. We have seen that the officer did neither.

The amendment of the return by signing it could not help the matter. The attachment had ceased to exist a long time before. So the taking "manual possession" did not help. The attachments had been dissolved. There is no way of reviving an attachment that is lost. The only way the officer could get possession to hold the property on this claim was by making a new attachment. And that he did and could not do.

The necessary conclusion is that the plaintiff is not entitled to a. judgment in rem against the property attached. His lien has been lost. The docket entries exhibited to us show that the bankruptcy of the defendant has been suggested below. Accordingly we do not direct judgment against him, but remand the case for further proceedings against him at nisi prius.

*Judgment that plaintiff has no lien.*
*Remanded.*