JESSE W. HEDRICK

*vs.*

CHARLES F. MARKHAM.

*Non-residents: jurisdiction; attachment; evidence of debt; answered by affidavit; sufficiency; all proof not necessary.*

Proceedings against a non-resident debtor by way of attachment are not within the usual jurisdiction of the court, but are special and limited proceedings, and can only be maintained when in substantial compliance with the provisions of the statutes under which such proceedings are authorized.        p. 162

But in order to comply with the provisions that a voucher and evidence of debt must be produced and annexed to the affidavit, it is sufficient if the bond, account or other evidence of debt so annexed show a *prima facie* case of indebtedness.        p. 163

A creditor in such cases is not required to produce all the proofs of indebtedness, but it is sufficient if he files his cause of action and it shows on its face the specific, liquidated and ascertained debt sued for.                    p. 163

Under section 45 of Article 9 of the Code, a plaintiff may have more than one attachment, to be laid in the hands of different parties or levied upon other property, provided that but one satisfaction of the debt or demand shall be made.        p. 165

*Decided January 16th, 1918.*

Appeal from the Superior Court of Baltimore City. (DOBLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*John S. Young* (with whom were *E. H. Young* and *J. J. Archer* on the brief), for the appellant.

*Clifton S. Brown* (with whom was *Augustus J. Quinn* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The appellee sued out an attachment on the 27th of April, 1917, in the Superior Court of Baltimore City, against the appellant, a non-resident of the State, and it was laid in the hands of the National Bank of Baltimore as garnishee, and the bank was summoned.

On the 1st of May, 1917, the absent defendant appeared and filed a petition under section 20 of Article 9 of the Code, for an immediate return of the writ before the return day, so as to permit a motion by him to quash and set aside the attachment and for an immediate hearing of the case. The prayer of the petition was granted, and on the 3rd of May, 1917, the defendant filed a motion to quash, alleging and urging six reasons in support of the motion.

Upon a hearing by the Court below the motion to quash was overruled and from this order so entered the defendant has appealed.

The first and fifth grounds relied upon in the Court below have been abandoned in this Court. The remaining four assigned in the motion and relied upon here are first: because the voucher annexed to the affidavit is not a sufficient cause

of action; second, because no sufficient short note was filed
with the attachment; third, because the claim or cause of
action stated and set out in the annexed voucher and affidavit
is for unliquidated damages; and fourth, because there was
then pending in the Circuit Court for Harford County, by
this plaintiff against the defendant, a similar attachment
proceeding for the same cause of action, to which he was
duly summoned and to which he appeared in the short note
case, filed approved bond, and the Court on motion dissolved
the attachment.

The proceeding by way of attachment against a non-
resident debtor is in this State regulated and governed by
statute. The jurisdiction of the Court in such cases is held
to be special and limited and it is a proceeding that can only
be maintained by a substantial compliance with the pro-
visions and the requirements of the statute under which it
is authorized. 2 *Poe's Pl. and Pr.* 502; *Franklin* v. *Claflin,*
49 Md. 24; *Evesson* v. *Selby,* 32 Md. 340; *Mears* v. *Adreon,*
31 Md. 229; *Tonn* v. *Linders,* 116 Md. 52.

By section 4 of Article 9 of the Code it is provided: No
attachment shall issue (except as hereinafter mentioned)
unless there be an affidavit that the debtor is *bona fide* in-
debted to the creditor in the sum of * * *, over and above
all discounts; and at the time of making the affidavit the
creditor shall produce the bond, account and other evidences
of debt, by which the said debtor is so indebted; and shall
also make affidavit that he knows, or is credibly informed
and verily believes that the said debtor is not a citizen of
this State and that he doth not reside therein; or if the said
debtor resides in this State, that he doth know, or is credibly
informed and verily believes that the said debtor hath
absconded.

In the present case the attachment suit was brought to
recover the sum of five thousand three hundred and eighty-
nine dollars and twenty-five cents, being an alleged balance
due and owing from the defendant to the plaintiff on an
account and contract produced and exhibited the items, debits

and credits being set forth in the account and on the contract by which the defendant is alleged to be so indebted.

The short note is in the usual form and declares upon the common counts in assumpsit. The affidavit required by the statute is in proper form and contains the jurisdictional averments as a basis for the action.

The first objection raised by the appellant's motion is, that the voucher annexed to the affidavit is not a sufficient cause of action.

While the voucher and evidence of debt is required by the statute to be produced and must be annexed to the affidavit, it is well settled that if the bond, account or other evidence of debt so annexed show a *prima facie* case of indebtedness from the defendant to the plaintiff, it will be a sufficient basis for the attachment. A creditor is not required to produce all his proofs of the indebtedness, but it is sufficient if he files his cause of action and this shows on its face the specific, liquidated and ascertained debt sued for.

In *White* v. *Solomonsky,* 30 Md. 585, it is said the creditor was not required to produce all the evidence which might be used before the Court to establish the debt and to entitle him to judgment. It requires not the production of the testimony *qua testimony* by which the claim is to be established, but the cause of action, etc. *Dawson* v. *Brown & Co.,* 12 G. & J. 53; *Lee* v. *Tinges,* 7 Md. 215; *Summers* v. *Oberndorf,* 73 Md. 312.

The account which is filed as the cause of action in this case and is set out on page 3 of the record is certain in its items and details and contains such statements as makes clear to the defendant what is the real nature and character of the claim. A specific and definite sum of money is set forth in each item of the account and these items show and give sufficient notice of the claim and charges for which the suit is brought. The amount due for each of the items is charged in the account and the aggregate amount of the debt amounted to $13,165.00. A particular and itemized list of the credits are set forth in the account and deducting these

left a balance 'of $5,389.25, and this is the claim the plaintiff has averred by affidavit to be true and recoverable in this case.

As the account and contract which is annexed to the affidavit is the cause of action in this case and as it shows upon its face the specific, liquidated and ascertained indebtedness sued for, we think it was a substantial compliance with the statute and sufficient to support the attachment. *Cox* v. *Waters,* 34 Md. 461; *Stewart* v. *Katz,* 30 Md. 346; *Burk* v. *Tinsley,* 80 Md. 98; *Hinkley, etc., on Attachment,* sects. 32-42; *Hodge & McLane on Attachment,* Sects. 18-31.

The third reason assigned that no short note was filed with the attachment is manifestly not tenable. At the time the attachment was issued it appears that a declaration in assumpsit containing the common counts was filed. The short note is in proper form and contains a substantial statement of the plaintiff's claim and cause of action. *Spear* v. *Griffin,* 23 Md. 429; *Randle* v. *Mellen,* 67 Md. 181.

The defendant's fourth objection that the plaintiff's claim is for unliquidated damages and can not be recovered in this form of action is answered by what we said in disposing of the first contention.

The law is well settled as stated by Mr. Poe in his work on *Pleading,* sec. 509, in attachment cases, that the cause of action may arise *ex contractu* and may be either for a fixed and definite amount or for damages already liquidated and ascertained or easily capable of being ascertained by a certain measure or standard afforded by the contract itself or it may be *ex contractu* for unliquidated damages or for wrongs independent of contract.

In the case at bar the cause of action shows a fixed, definite and ascertained indebtedness from the defendant to the plaintiff, and under the authorities this was a sufficient basis to support the attachment suit. *Downes* v. *Baltimore City,* 111 Md. 674; *Dirickson* v. *Showell,* 79 Md. 49; *Orient Mut. Ins. Co.* v. *Andrews,* 66 Md. 371; *De Bebian* v. *Gola,* 64 Md. 262; *Warren Bros.* v. *Kendrick et al.,* 113 Md. 608;

*Bartlett* v. *Wilbur,* 53 Md. 485; *Tonn* v. *Linders,* 116 Md. 54.

As to the sixth objection we need only say that section 45 of Article 9 of the Code provides, that the plaintiff may have more than one attachment or writ of attachment to be laid in the hands of different persons or levied upon other property, provided that but one satisfaction of the debt or demand shall be made.

We discover nothing in this objection that would defeat the plaintiff's right of action. *Brunsman* v. *Crook,* 130 Md. 664.

For the reasons stated we are of opinion that the motion to quash the attachment in this case was properly overruled. The order will therefore be affirmed and the cause will be remanded that a trial may be had.

> *Order affirmed and cause remanded for further proceedings, with costs.*