711 A.2d 859

George H. BUTLER and Mary E. Butler et al.

v.

Johnnie R. TILGHMAN.

No. 125, Sept. Term, 1997.

Court of Appeals of Maryland.

June 16, 1998.

Darin S. Levine (Richard A. Kramer, Kramer & Gorney, Chartered, on brief), Oxon Hill, for Petitioners.

William C. Fanning, Jr. (Devine, Fanning & Greer, P.A., on brief), La Plata, for Respondent.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, RAKER, WILNER and CATHELL, JJ.

CATHELL, Judge.

In this case we are presented with two issues relating to a lien entered pursuant to a writ of attachment on original process. The first issue is whether a valid lien was created when the Notice of Lien of Attachment was filed prior to the filing of the return of levy by the sheriff. The second issue is whether a lien entered pursuant to a writ of attachment on original process must be recorded and indexed in order for the lienholder to have priority over a subsequent good faith purchaser. Because we hold that a valid lien is not created when a Notice of Lien is filed prior to the filing of the return by the sheriff, it is unnecessary for us to address the second issue.

## I.

Johnnie R. Tilghman, doing business as Cars Plus, respondent, filed suit against Wayne Davis Payne and Sandra K. Payne (the Paynes) in the District Court of Maryland in Charles County on August 7, 1992. In the complaint, respondent alleged that the Paynes obtained two automobiles from him for a total cost of $18,100. The Paynes tendered two checks to respondent, one for $6,300 and the other for $11,800, which later were returned from respondent's bank due to insufficient funds in the Paynes' account. Respondent sought a judgment against the Paynes for the amount of the dishonored checks and certain bank fees.

Also on August 7, 1992, Respondent filed with the District Court a "Request for an Order for the Issuance of a Writ of Attachment Before Judgment" in which he sought a levy on real property owned by the Paynes known as 15107 Billingsley Road, White Plains, Maryland 20695 (the property). The District Court issued the Writ of Attachment Before Judg-

ment on August 26, 1992. On September 25, 1992, prior to the filing of the return and Proof of Service by the Sheriff, a "Notice of Lien of Attachment Before Judgment" was sent to the Circuit Court for Charles County and stamped as received, but not indexed, on September 28, 1992. The Notice of Lien of Attachment Before Judgment provided: "To the Clerk of the Circuit Court for Charles County ...: I HEREBY CERTIFY that an Attachment Before Judgment on Real Estate was *issued* in the above case, on real estate located at 15107 Billingsley Rd., White Plains, Md., 20695 Lots 3 & 4 Foxhall Estates." (Emphasis Added.) [1]

On October 1, 1992, the Sheriff's return was filed in the District Court. The return provided that the subject property was levied on September 28, 1992, by affixing a copy of the writ and schedule to the property and by mailing a copy of the writ, complaint, and attachment before judgment to the Paynes' last known address. Thus, the Notice of Lien of Attachment Before Judgment was filed in the circuit court prior to the existence of any such lien.

On October 29, 1992, the Paynes and George H. Butler and Mary E. Butler, petitioners, entered into a contract of sale for 15107 Billingsley Road. An examination of the circuit court judgment index did not reveal a judgment lien on the property. The Paynes executed a deed transferring the property to petitioners on December 18, 1992. This deed was recorded in the land records of Charles County on December 23, 1992.

On January 6, 1993, respondent obtained a default judgment against the Paynes in District Court. On January 21, 1993, the judgment lien was indexed in the Circuit Court for

---

1. The Notice of Lien of Attachment Before Judgment form usually reads: "I HEREBY CERTIFY that an Attachment Before Judgment on Real Estate was levied in the above cases...." In the instant case, however, the District Court clerk crossed out the word "levied" and replaced it with the word "issued." This presumably occurred because the property had not been levied at the time the notice was filed in that the sheriff had not yet levied, *i.e.*, attached the property or filed the return.

Charles County. We simplify the chronology of events in this case as follows:

| | |
|---|---|
| 8/7/92 | Respondent filed a complaint against the Paynes in District Court and sought a writ of attachment before judgment. |
| 8/26/92 | District Court orders issuance of a writ of attachment before judgment. |
| 9/25/92 | Respondent files a "Request to File Notice of Lien" in the District Court. |
| 9/25/92 | Clerk of District Court sends Notice of Lien of Attachment Before Judgment modified to indicate that the attachment was "issued" to the circuit court. |
| 9/28/92 | Sheriff levies on, *i.e.*, attaches, the property. |
| 9/28/92 | District Court's Notice of Lien of Attachment being issued is received and date-stamped in the circuit court but is not indexed. |
| 10/1/92 | Sheriff completes levy by filing return with the clerk of the District Court. Notice of the levy is not forwarded to the circuit court. |
| 10/29/92 | Petitioners enter into contract for purchase of home with the Paynes. |
| 12/18/92 | Property deeded to petitioners by the Paynes. |
| 12/23/92 | Deed recorded among the land records of Charles County. |
| 1/6/93 | District Court enters judgment by default against the Paynes in favor of respondent. |
| 1/21/93 | Judgment lien indexed in the circuit court records. |

On September 20, 1996, respondent moved to enforce the writ of execution. After petitioners filed a response, the District Court granted respondent's motion, thereby permitting the sale of the property.

Petitioners filed a notice of appeal to the Circuit Court for Charles County. After the issues were briefed and a hearing

held, the trial court, affirming the judgment of the District Court, stated:

I agree and I think Mr. Fanning agrees with Mr. Levine that the Clerk was wrong in transmitting any paper work anywhere, at least in the direction of the Circuit Court until after the sheriff had made his return. But in any event the writ goes to the sheriff and the record documents the Sheriff having gone out and done what the rule and writ directed him to do, which is to levy on the property and make his return. He did that.

I am satisfied the acts of the Sheriff were not analogous. And it was obvious once the return was made for the clerk to see that notice went to Circuit Court.

The Clerk had done that precipitously but there c[a]me a point in early October when the notice of the action and the record of the levy, the return, had all been accomplished.

And I am satisfied that everybody save the Circuit Court Clerk by that time had done what was expected of them even in the case if the District Court Clerk had been done precipitously.

No. 2, the statute that was construed in Frank -vs- Storer is at issue here. That is Section 3–203 of [the Real Property Article] because if Mr. and Mrs. Butler paid value for this property and were without notice and recorded first then that statute says they take peremptory liens regardless of what arrangement and that statute, Frank -vs- Storer was construing and that is why Frank -vs- Storer and its doctrine had relevance here.

Because the hang up which we are struggling today did derive from the fact that rule 3–115[ (e) ] talks about the undertaking, constitute a lien on the property when entered by the Clerk of the Circuit Court.

The Clerk of the Circuit Court had done something, had stamped in the notice by the time Butler's deed was recorded, but having not indexed it. Which brings me to notice the language in Rule 2–621(b) that talks about money judgments and the lien effective by the entry of a money

judgment and it talks about recording and indexing. Rule 3–115 referring to the attachment before judgment in District Court talks about entering.

The people who adopted these rules presumably, the committee that recommended them and the Court that adopted them, presumably had an organized scheme in mind that wh[en] they meant identical things they used identical language. Rules of construction which we must go by, whether there is [a] factual basis for that expectation or not, we shouldn't say that kind of thing about the legislature.

But this brings us back to Frank -vs- Storer.

In point of fact the recordation that had occurred in the factual predicate for the Frank -vs- Storer decision had apparently involved I guess photo copying or whatever of an instrument and its inclusion in the bound volumes, whatever the mechanism was, without index.

And the standard case, that is the same here. And the indexing was deemed not essential to the act of recordation. I conclude, therefore, the entering had the effect Judge Gasparovic believed it had and amounted to a recordation analogous to the recordation in Frank -vs- Storer case and within the meaning of Section 3–203 of the Real Property Article, which is to say the recordation such as it was of this attachment [before] judgment had been effective prior to the entry of the Butler's deed. . . .

So the judgment of District Court will be affirmed.

We granted writ of certiorari to address petitioner's questions, which we have renumbered:

■ Where a District Court clerk incorrectly certifies that an attachment before judgment on real estate was "issued" rather than "levied", and said clerk forwards the notice of lien to the circuit court before a sheriff's return is filed, is there an attachment and does the circuit court have jurisdiction to enter a lien?

■ Whether a judgment creditor with an indexing problem is entitled to protection according to Real Property

Article section 3–203 and *Frank v. Storer* [, 308 Md. 194, 517 A.2d 1098 (1986).]

We hold that the procedures for obtaining a lien pursuant to Maryland Rule 3–115 were not. properly followed and shall reverse the judgment of the Circuit Court for Charles County. In doing so, it becomes unnecessary for us to address the second issue.

## II.

Maryland Rule 3–115 provides the procedure to obtain attachment before judgment in District Court. It states in relevant part:

(a) *Request for writ.* At the time of filing a complaint commencing an action or while the action is pending, a plaintiff entitled by statute to attachment before judgment may file a request for an order directing the issuance of a writ of attachment for levy or garnishment of property or credits of the defendant. The request may be made ex parte. The plaintiff shall file with the request an affidavit verifying the facts set forth in the complaint and stating the grounds for entitlement to the writ. The request and affidavit need not be served pursuant to Rule 1–321 at the time of filing.

. . . .

(c) *Proceedings on request for writ.* The court shall review the complaint, any exhibits, and the supporting affidavit. The court may require the plaintiff to supplement or explain any of the matters set forth in the documents or to provide further information regarding the property to be attached. If the court determines that the plaintiff is entitled to the writ of attachment, it shall order issuance of the writ conditioned on the filing of a bond by the plaintiff for the satisfaction of all costs and damages that may be awarded the defendant or a claimant of the property by reason of the attachment. The order shall prescribe the amount and security of the bond.

(d) *Issuance of writ.* Upon entry of the order and the filing of the bond, the clerk shall issue one or more writs of attachment and shall attach to each writ a copy of the supporting affidavit filed with the request. When the writ directs a levy on the property of the defendant, the procedure shall be in accordance with Rules 3–641 and 3–642. . . .

(e) *Notice of Lien of attachment.* When real property is attached, upon the filing of the return by the sheriff the clerk shall file a Notice of Lien marked "Attachment Before Judgment on Real Property." The notice shall contain (1) the name of each plaintiff, (2) the name and address of each defendant, (3) the assigned docket reference of the action, and (4) the name of the county in which the action was commenced.

. . . When the real property is located outside of Baltimore City, the Notice of Lien shall be filed with the clerk of the circuit court for the county in which the property is located and shall constitute a lien on the property when entered by the clerk of the circuit court.

■ Under the procedures set forth in this rule, a plaintiff entitled by statute to attachment before judgment must first file a request for an order directing the issuance of a writ of attachment along with an affidavit concerning the facts in the complaint. The District Court then reviews the complaint, any exhibits, and the affidavit to determine whether to issue the writ. If the court issues the writ, the writ must be conditioned on the filing of a bond by the plaintiff. The issuance of the writ, however, does not create a lien on the property. *See May v. Buckhannon River Lumber Co.,* 70 Md. 448, 449–50, 17 A. 274, 275 (1889) (quoting *Horwitz v. Ellinger,* 31 Md. 492, 505 (1869)).

Once the District Court enters an order directing the issuance of the writ and the plaintiff files a bond, the District Court clerk then issues one or more writs of attachment. If the writ directs the sheriff to levy on real property, the sheriff shall do so "by entering a description of the property upon a schedule and by posting a copy of the writ and the schedule in

a prominent place on the property." Md.Rule 3–642(a). "Following a levy, the sheriff shall promptly file a return together with the schedule." Md.Rule 3–642(e).

Once the sheriff's return is filed with the clerk of the District Court, "the clerk shall file a Notice of Lien marked 'Attachment Before Judgment on Real Property.'" Md.Rule 3–115(e). This notice then must be filed with the clerk of the circuit court for the county in which the property is located.

With respect to attachment on original process, we previously noted that the procedure

is designed to accomplish the dual purpose of compelling the defendant's appearance in court as well as providing the plaintiff with security for the payment of his claim once it is established as being due. *Philbin v. Thurn,* 103 Md. 342, 351, 63 A. 571, 574 (1906); *see Belcher v. Gov't Employees Ins. Co.,* 282 Md. 718, 720, 387 A.2d 770, 772 (1978). This security is obtained *when a levy is made* because that act creates an inchoate lien that remains as such until a judgment of condemnation absolute is entered under Rule G55. *Northwestern N. Ins. v. Wetherall,* 267 Md. 378, 384, 298 A.2d 1, 5 (1972); *Union Trust Co. v. Biggs,* 153 Md. 50, 57, 137 A. 509, 513 (1927); W. Hodge & R. McLane, The Law of Attachment in Maryland § 192, at 171 (1895).

One of the incidents of attachments on original process that is of particular importance in the case now before this Court is the doctrine of relation back. This doctrine recognizes that "[t]hrough the issue *and laying of [an] attachment* ... the [creditor] acquire[s] an inchoate lien ... [that] continues and binds the property attached, and abides the issue of the short note [primary] case...." *Union Trust Co. v. Biggs, supra,* 153 Md. at 57, 137 A. at 513; *see Gribble v. Stearman & Kaplan, Inc.,* 249 Md. 289, 294–95, 239 A.2d 573, 576 (1968); *Cockey v. Milne's Lessee,* 16 Md. 200, 206 (1860). Thus, "once [an attachment is] properly and validly acquired, it is retained to await the result of the action.... If the defendant appears ... the proper course is to try the short note case first." *Philbin v. Thurn, supra,*

103 Md. at 351, 63 A. at 574. Consequently, claims or liens arising subsequent to the date of the levy are subordinate to the judgment rendered in the attachment case. *Overmyer v. Lawyers Title Ins. Corp.*, 32 Md.App. 177, 184, 359 A.2d 260, 265, *cert. denied*, 278 Md. 730 (1976), *cert. denied*, 429 U.S. 1123[, 97 S.Ct. 1159, 51 L.Ed.2d 573] (1977); W. Hodge & R. McLane, *supra.*

*State v. Friedman*, 283 Md. 701, 706–07, 393 A.2d 1356, 1359–60 (1978) (emphasis added). *See also Tonn v. Collins*, 116 Md. 52, 54, 81 A. 219, 220 (1911) ("It has been held by this Court that: 'The object of an attachment is to secure the appearance of the defendant by the seizure of his property and to subject that property to the payment of the debt.'" (quoting *Johnson v. Stockham*, 89 Md. 368, 376, 43 A. 943, 944 (1899))).

■ In reviewing the procedural aspects of attachment on original process, we note that strict compliance with the steps of the statute is required. We stated in *Gill v. Physicians & Surgeons Building*, 153 Md. 394, 403–05, 138 A. 674, 677–78 (1927):

The proceeding is statutory, in derogation of the common law, confers upon the courts only a limited jurisdiction, and is said not to be favored by the courts, and the remedy does not exist at all in a given case until every statutory requirement has been fully and strictly complied with, which must appear on the face of the record. So much may be conceded. But after conceding that, it is still apparent that the legislation has a definite legal purpose and intent, to which the courts should give effect when that can be done without violence to established legal principles....

As a result of these and later cases, such as *Hedrick v. Markham*, 132 Md. [160,] 162, 103 A. 98 [(1918)], the principle has become firmly established in this state that, while the attachment statutes will be strictly construed in determining what steps must be taken to confer jurisdiction on the court issuing the attachment, yet in determining in a given case whether the acts of the attaching creditor amount to a compliance with those requirements, the stat-

utes will be more liberally construed, and that view is stated in *Tonn v. Linders [Tonn v. Collins]*, 116 Md. [at] 55 [81 A. 219].

*See also Turner v. Lytle*, 59 Md. 199, 208 (1882) ("It cannot be questioned that the law is derogatory of the common law, and must be strictly construed; and that being a special proceeding must be strictly pursued. . . ."); *Evesson v. Selby*, 32 Md. 340, 345 (1870) ("[T]he proceedings in attachment being wholly statutory, and in contravention to the common law, they must strictly follow the provisions of the statute under which they are authorized. . . . It is only when the conditions, required as precedent to the issuing of an attachment, are fulfilled, that any jurisdiction is given to the courts to hear and determine the case upon its merits.").

The issue we must address in this case is the necessity of the filing of the sheriff's return prior to the filing of a Notice of Lien in the circuit court. This Court previously has noted the importance of the filing of the sheriff's return in both attachment before judgment proceedings and in attachment post-judgment proceedings. We explained the necessity of a sheriff's return in *Main v. Lynch*, 54 Md. 658, 670 (1880), stating: "The return of the sheriff is also a necessary part of the proceeding. From it the court gets *prima facie* evidence that all that the sheriff was required to do was done by him."

In *Baldwin v. Wright*, 3 Gill 241 (1845), we examined whether a second writ of attachment was valid where a first writ was never returned by the sheriff. We stated, relative to the importance of the sheriff's return: "[T]he doctrines determined by this Court, in *Turner and Walker*, 3 G. & J. 385, are decisive against the right to take out an alias attachment before the first is returned. The second writ is grounded on the first, and the return thereof; and the first ought, therefore, to be returned before the second can legally issue." *Baldwin*, 3 Gill at 246. *See also* 7 C.J.S. *Attachment* § 194 (1980) ("The return is a necessary part of the proceeding, for by it alone the court is advised of the levy and its sufficiency, and without which the court cannot proceed to the final adjudication of the cause." (footnote omitted)); 6 Am.Jur.2d

*Attachment & Garnishment* § 316 (1963) ("The return of a writ of attachment, being required by statute, is necessary to create a lien on the property attached, and the failure of the levying officer to file a return may be fatally defective, at least where the return is considered a jurisdictional requisite." (footnotes omitted)).

With the foregoing principles in mind, we turn now to the case *sub judice.*

## III.

Although the sheriff ultimately filed a return in the instant case, we must address whether a valid lien was created when the Notice of Lien was filed in the circuit court prior to the filing of the sheriff's return in the District Court. Stated another way, the issue is whether a Notice of Lien filed with the circuit court and stamped as received but not indexed by the clerk of the circuit court constitutes a lien on real property despite that up until that time, a sheriff's return had not been filed and thus there was, at that point, no attachment.

■ We believe, under the circumstances of this case, that respondent's noncompliance with the procedural requirements of Maryland Rule 3–115 was such as to render the lien ineffective. As we have stated, strict compliance with the steps of the statute is necessary in order to create a valid lien in respect to attachments before judgment. The filing of the sheriff's return is a necessary part of the levy, which in turn is necessary to the creation of a valid lien. Because the property was not levied prior to the filing of a Notice of Lien of Attachment in the circuit court, no lien then existed. The eventual filing of the sheriff's return did not retroactively cure the defect and did not make the lien retroactively valid. Maryland Rule 3–115 specifically states when the Notice of Lien of Attachment is to be filed: it is to be filed only "upon the filing of the return by the sheriff."

See also generally *Jepsen v. Toni Company,* 20 Conn.Supp. 287, 133 A.2d 150 (1957), where the issue before the court was whether an attachment was valid when it was returned within

the time proscribed by the writ of attachment but after the time proscribed by a Connecticut statute, which required that the return be made at least six days before the return day. The court, in granting the defendant's motion to quash the attachment, stated: "The statute is mandatory and failure to return the process to court within the time limit renders the attachment proceedings fatally defective.... Because the process in this case was not returned to court within the time limited by statute, the defendant's motion to quash the order of future attachment ... is granted." *Id.* at 295, 133 A.2d at 154 (citations omitted).

In *Bass v. Dumas,* 114 Me. 50, 95 A. 286 (1915), numerous writs were issued by various creditors to attach lumber located in a lumber yard. A Maine statute provided that a valid attachment required the sheriff to file an attested copy of his return. The sheriff filed a signed and attested copy of the first writ, but did not for the remaining writs, including the writ which was the subject of the appeal. The remaining writs were signed by others acting on the sheriff's behalf. The issue before the court was whether "the lien by attachment was lost because of the failure of the officer to sign the return and to attest the copy filed in the town clerk's office, by his own hand." *Id.* at 52, 95 A. at 287. Holding there was no valid lien on the lumber, the court stated:

> To relieve the officer from the necessity of retaining actual possession, he must follow the statute. He must file an attested copy of his return, and that means that he must first make a return.... But, if the officer does not either retain possession or within five days file such an attested copy of his return, as the statute prescribes, the attachment is dissolved....
>
> In this case the officer did not make any return over his own signature, nor did he file any copy of a return attested by himself.... The officer, therefore, did not comply with the statute. He did not make a valid return. He did not attest the copy of the return that was made. We must hold accordingly that the attachment was not preserved by filing the paper in the town clerk's office.

*Id.* at 53, 95 A. at 288. *And see* B. Rogers, *Annotation; Attachment Proceedings as Affected by Officer's Failure to Comply with Statutory Requirements as to Return or Inventory,* 93 ALR 748, 749 (1934) ("Failure of the levying officer in attachment proceedings to comply with statutory requirements as to the return usually renders the proceedings void.").

Were we to rule otherwise in the instant case, this Court would encourage plaintiffs seeking to utilize the attachment before judgment procedures to disregard the clear language of Maryland Rule 3–115. This rule specifically provides that a Notice of Lien of Attachment is to be filed in the circuit court only upon the filing in the District Court of the return by the sheriff informing the District Court that the levy has been made on the subject property. Had the rule intended that a Notice of Lien of Attachment be filed in the District and circuit courts upon the mere issuance of the writ of attachment, the inclusion of the provisions dealing with the levy and the filing of the sheriff's return would have been unnecessary. It is clear those provisions were inserted to ensure. that the sheriff levied on the property prior to the filing of the Notice of Lien of Attachment.

## IV.

We conclude that a valid lien was not created at the time the Notice of Lien was filed in the District and circuit courts. Moreover, at no time after the levy was returned in the District Court was there filed in the circuit court a subsequent, or even a corrected, Notice of Lien of Attachment Before Judgment. Thus, no lien was filed in the circuit court until the lien resulting from the January 6, 1993, District Court default judgment was filed and indexed in the circuit court records on January 21, 1993. By that time, the deed to the Butlers had been recorded and thus was not subject to the later-filed lien.

The relevant provisions of Rule 3–115 clearly contemplate that in instances in which District Court attachments before judgment are to be recorded as liens in the circuit courts, the

process of attachment before judgment must first be completed in the District Court. Only then may the notice of lien required by the rule be properly filed in the circuit court. And it is only then that a lien is perfected in the circuit court. Thus, in order for a plaintiff seeking to utilize the attachment before judgment procedures to obtain a valid lien, the sheriff's return evidencing the levy must be filed in the District Court prior to the filing of the Notice of Lien of Attachment in the circuit court, as required by Maryland Rule 3–115.

The Notice of Lien of Attachment Before Judgment that was filed in the circuit court prior to the filing of the sheriff's return in the District Court, did not create a valid lien on the property at issue. At the time of the recordation of the deed to petitioners, there was no lien filed, recorded, or indexed in the records of the circuit court. Petitioners, therefore, take title to the subject property free and clear of the respondent's claim of a lien.

**JUDGMENT REVERSED; RESPONDENT TO PAY COSTS.**